■ WILLIAM COCHRANE et al., Appellants, v OWENS-CORNING FIBERGLAS CORPORATION et al., Respondents, et al., Defendants.

[631 NYS2d 358] —Order of the Supreme Court, New York County (Helen E. Freedman, J.), entered December 14, 1994, which granted defendants-respondents' motions for summary judgment and which dismissed the complaint as time-barred, reversed, on the law, the motions denied and the complaint reinstated, without costs.

The issue presented by this appeal is whether plaintiff discovered or should, in the exercise of reasonable diligence, have discovered injury resulting from exposure to asbestos on or before December 8, 1989, *i.e.*, three years prior to commencement of this action (CPLR 214-c). The record indicates that plaintiff was exposed to asbestos during a four-year period while working in the City of New York for Consolidated Edison. Plaintiff has a history of shortness of breath with diminished respiratory excursion, for which he was seen at the emergency room of Mercy Hospital Medical Center in Des Moines, Iowa on December 5, 1985 and on November 18, 1987. On both occasions, he was examined by Martin Aronow, D.O. and diagnosed as suffering from paroxysmal atrial fibrillation.

Chest x-rays taken at each visit revealed pleuroparenchymal scarring, and the radiology reports raise a question of exposure to asbestos. Based upon these reports, defendants maintain that plaintiff should have known that he had lung disease caused by occupational exposure to asbestos by November of 1987. Plaintiff, however, avers that he was not told that he might have been injured by asbestos exposure until January 1990, when he was diagnosed by Greg Hicklin, M.D. as suffering from "asbestos-related diffuse pleural thickening".

Supreme Court concluded, "In view of the ample documentary evidence to the contrary, plaintiff's claim that he did not know he had an asbestos related condition until Dr. Hicklin told him in 1990 is not credible". While there is certainly evidence in the Mercy Hospital radiological studies suggestive of pulmonary impairment resulting from "exposure to asbestos or drugs which could have induced extensive disease", it remains that no definitive diagnosis was reached by doctors at that institution. Indeed, a preoperative evaluation dated April 16, 1989 undertaken for Dr. Aronow recites a history of "hypertension and paroxysmal tachycardia" as well as "chronic bronchitis". The report further notes that plaintiff is 6 feet 4 inches tall and weighs 345 pounds. That plaintiff's physical condition may have complicated diagnosis is reflected in a radiology report from Diagnostic Imaging Associates, located in Des Moines, which states: "This examination shows pleural based densities bilaterally. In this large individual

* * * this most likely represents large amount of extra pleural fat".

Whether the physicians at Mercy Hospital knew or should have known that plaintiff's condition might be related to exposure to a toxic substance is not the issue. The operative question is when sufficient information was communicated to plaintiff so as to induce a reasonable person to associate his physical condition with exposure to a toxic substance. In this regard, the record is far from clear. At his deposition, Dr. Aronow stated that he did not discuss—or could not remember discussing—the radiology reports with plaintiff at Mercy Hospital's emergency room.

What constitutes discovery of an injury pursuant to CPLR 214-c is a matter of some complexity. This Court has accorded the statute a liberal interpretation consistent with the legislative purpose "to remedy the fundamental injustice to victims suffering latent injuries" (*Di Marco v Hudson Val. Blood Servs.*, 147 AD2d 156, 160 [Ellerin, J.]). As noted by a leading commentator: "It is hard to believe that the first onset of symptoms would trigger the statute since this would confer precious little benefit over the old date-of-injury rule in New York. On the other hand, it seems clear that the statute does not envision that the period of limitations will await the plaintiff's personal dawning of consciousness of each and every element of his cause of action" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-c:2, at 633).

Inquiry regarding the time a plaintiff discovered or could, in the exercise of reasonable diligence, have discovered a condition presents a mixed question of law and fact and, where the plaintiff's knowledge cannot be conclusively demonstrated, a motion to dismiss the complaint must be denied and the question deferred until trial (*Trepuk v Frank*, 44 NY2d 723, 724-725). As we recently noted in *Curtis Props. Corp. v Greif Cos.* (212 AD2d 259, 263): "Factual disputes are not amenable to resolution on a motion for summary judgment dismissing the complaint (*Harris v City of New York*, 147 AD2d 186, 191; *see also, IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 152 AD2d 451). The credibility of the parties is not an appropriate consideration for the court (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338), and statements made in opposition to the motion must be accepted as true (*Patrolmen's Benevolent Assn. v City of New York*, 27 NY2d 410, 415; *Cohn v Lionel Corp.*, 21 NY2d 559)". Supreme Court's conclusion that plaintiff's allegations are "not credible" therefore constitutes the impermissible determination of an issue that must await trial (CPLR

3212 [c]; Siegel, NY Prac § 284, at 413; § 271, at 400 [2d ed]). The function of a court entertaining a motion for summary judgment is one of issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333, *affd* 65 NY2d 732), and any conflict between plaintiff's allegations and the documentary evidence merely presents an issue of credibility for resolution at trial (*Cohn v Lionel Corp.*, 21 NY2d 559, 563, *supra; see also, Patrolmen's Benevolent Assn. v City of New York*, 27 NY2d 410, 415, *supra*). Concur—Sullivan, J. P., Rubin and Nardelli, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Freedman, J.