[634 NYS2d 680]

EUGENE F. SCHERRER, Appellant, v TIME EQUITIES, INC., et al., Respondents, et al., Defendants.

ROBERT PRESSLER et al., Appellants, v TIME EQUITIES, INC., et al., Respondents, et al., Defendants.

First Department, December 5, 1995

## APPEARANCES OF COUNSEL

*Dominique Penson* of counsel, New York City *(Barasch & McGarry, P. C.,* attorneys), for Eugene F. Scherrer and another, appellants.

*Eugene Guarneri* of counsel, New York City *(O'Connell & Gimble,* attorneys), for respondents.

OPINION OF THE COURT

RUBIN, J.

These appeals, which arise out of the same incident and involve similar facts, present identical issues: whether the discovery accrual rule of CPLR 214-c applies to a cause of action brought pursuant to General Municipal Law § 205-a and, if so, whether a triable issue of fact is raised with respect to when plaintiffs discovered or, in the exercise of reasonable diligence, should have discovered latent injuries, allegedly resulting from the inhalation of toxic fumes. As a preliminary matter, these appeals also raise the question of whether the arguments now advanced in support of the grant of summary judgment dismissing the complaints were properly raised by defendants in their moving papers.

Plaintiffs Robert Pressler and Eugene Scherrer were firefighters who, on the evening of February 19, 1989, responded to a fire at 1256 St. Nicholas Avenue. In the course of fighting the blaze in heavy smoke conditions, their oxygen supply became depleted, with the result that they inhaled smoke presumed to contain carbon monoxide or other toxins. Plaintiffs, along with some of their comrades, were treated at the emergency room of Columbia Presbyterian Hospital for the effects of smoke inhalation and released.

Plaintiff Pressler, in his affidavit in opposition to the motion to dismiss, avers that he received emergency treatment for "smoke/toxic gas/carbon monoxide inhalation". Shortly after the incident, he "returned to full duty and continued to fight hundreds of fires for approximately the next two years, until October of 1991, without any significant incident of smoke inhalation." He observes that "it is not extraordinary for a firefighter to experience exhaustion and coughing following a fire" and maintains that there was no reason for him to have known that he sustained injury during the February 1989 blaze.

On October 12, 1991, while at the scene of a fire, Pressler experienced significant respiratory distress and fell unconscious. Minutes of the Fire Department Medical Board recite that "he arrived at the fire scene and remembers exposure to only minimal smoke before putting on his air mask. He awoke six hours later in the Jacobi [Hospital] Intensive Care Unit". He required intubation and mechanical ventilation as the result of "acute status asthmaticus with respiratory failure", and the Board expressed the opinion that "[i]f not for immediate intubation at the scene, this would have been a life

terminating event." He has since suffered from persistent and severe upper respiratory infection, requiring ongoing treatment. He was subsequently diagnosed by the Fire Department Medical Board with severe obstructive pulmonary disease and, because further exposure "to hypoxia, smoke, irritant gases, or toxic fumes * * * may precipitate life threatening bronchospasm", he has been on limited duty since February 10, 1992.

Plaintiff Scherrer states that he received emergency treatment at Columbia Presbyterian Hospital for "toxic gas/carbon monoxide inhalation" and that, except for "general malaise" immediately following the fire and "one or two mild cases of bronchitis", he "felt fine thereafter". He returned to full duty, fighting "hundreds of fires" over the next six months "without any significant incident of smoke inhalation."

On August 12, 1989, however, Scherrer experienced severe respiratory distress. He was hospitalized, beginning on August 28, for "acute asthmatic bronchitis/pneumonitis". Following discharge from the hospital approximately six days later, Scherrer was placed on sick leave for three months, returning to light duty for a period of one month. In December 1989, he was again diagnosed with asthmatic bronchitis and placed on sick leave until February 5, 1990. After returning to light duty, he suffered a grand mal seizure on February 21, 1990 and was placed on full medical leave. In late March, he was treated for angina. The Fire Department Medical Board ultimately diagnosed his condition as "hyperreactive airways disease and seizures", either of which would preclude "future exposure to fire, smoke or carbon monoxide." His personal physician made a similar diagnosis and recommendation. On June 21, 1990, plaintiff Scherrer was hospitalized for a pulmonary embolism and a deep vein thrombosis of the left leg and has since retired on partial disability.

Process was served by plaintiffs Pressler and Scherrer, respectively, in March 1993 and May 1992, more than three years after the February 1989 fire. Plaintiff Pressler maintains that he discovered the injuries resulting from his exposure to toxic fumes during October 1991, while Scherrer alleges discovery of his injuries during August 1989. The complaints each set forth a cause of action for violation of General Municipal Law § 205-a in addition to claims asserting common-law negligence and nuisance. The complaints list 80 violations of the Administrative Code of the City of New York, seven violations of the Rules of the New York City Fire Department Control Board Inspector and five violations of the Multiple

Dwelling Law as contributing to the injuries sustained by the firefighters. Defendants answered, asserting the Statute of Limitations, and moved for summary judgment dismissing the complaints.

On appeal, defendants contend that plaintiffs should have known of their injuries when they were hospitalized and treated for smoke inhalation in February 1989. They argue that plaintiffs' reliance on the date of diagnosis (when they actually learned of their injuries) ignores the alternative statutory accrual basis of constructive knowledge, whereby "through the exercise of reasonable diligence such injury should have been discovered by the plaintiff" (CPLR 214-c [2]). Defendants also suggest, in the reply papers submitted on their motion to dismiss, that the accrual of a cause of action upon discovery (CPLR 214-c) has no application to a claim brought pursuant to General Municipal Law § 205-a.

■ It should be noted, at the outset, that these are not legal propositions originally advanced by defendants in their affidavit in support of the motion to dismiss, which asserts only that plaintiffs' actions are untimely because commenced more than three years after the February 19, 1989 fire, in contravention of CPLR 214 (5). The unfortunate practice of stating a nominal position in the moving papers and reserving the substantive arguments in support of that position for the reply—so that the opponent is deprived of an opportunity to respond—was condemned by this Court in *Ritt v Lenox Hill Hosp.* (182 AD2d 560, 562). It has been consistently rejected in a number of decisions thereafter, most recently in *Lumbermens Mut. Cas. Co. v Morse Shoe Co.* (218 AD2d 624, 626).

While the inapplicability of CPLR 214-c is arguably advanced in defendants' reply papers in response to plaintiffs' assertion that their actions come within its ambit, it remains that defendants stated, as a basis for seeking dismissal of the complaints, only that they are not timely pursuant to CPLR 214 (5) (CPLR 3211 [a] [5]; 3212; Siegel, NY Prac § 283 [2d ed]). Plaintiffs' burden, in responding to the motion, is simply to establish that CPLR 214 (5) does not govern their actions. Having demonstrated that the actions accrued pursuant to CPLR 214-c, plaintiffs need make no further showing in order to defeat the motion. The points raised in defendants' reply papers constitute new matter and, as this Court has made plain, "Arguments advanced for the first time in reply papers are entitled to no consideration by a court entertaining a sum-

mary judgment motion" (*Lumbermens Mut. Cas. Co. v Morse Shoe Co., supra,* at 426). Unusual circumstances, such as a recent change in decisional law, may arise which justify further submissions on a motion for summary judgment—with leave of court. However, in the vast majority of such motions, there should be no need for resort to what is commonly known as a surreply, "an unnecessary and unauthorized elaboration of motion practice" (*Ritt v Lenox Hill Hosp., supra,* at 562).

The subject motions warrant no extraordinary submissions. The complaints contained in the record state that each plaintiff was "exposed to * * * toxic smoke and fumes" and, during the course of a designated month, "with reasonable diligence, discovered that his exposure to, inhalation and ingestion of the aforementioned was and is the direct and proximate cause of the aforementioned injuries." CPLR 214-c is not a new provision (L 1986, ch 682, § 2), having been in effect nearly six years when the first of these actions was commenced. It is hardly asking too much of defendants to discern that the facts, as recited in the complaints, clearly invoke CPLR 214-c and that the viability of plaintiffs' actions depends upon the calculation of the pertinent period of limitation based upon the accrual of those actions at the time of discovery. In addition, had the issue been timely raised, plaintiffs might have been able to submit medical records to document the time of onset. Because a triable issue of fact might have been obviated by the submission of such documentation, it may not be advanced for the first time on appeal (*First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 447). As stated in *Cohn v Goldman* (76 NY 284, 287), "It is, indeed, a rule, that questions not raised at the trial court, which might have been obviated by the action of the court then, or by that of the other party, will not be heard on appeal as ground of error" (quoted in *Telaro v Telaro,* 25 NY2d 433, 438; *Recovery Consultants v Shih-Hsieh,* 141 AD2d 272, 276).

■ Even entertaining defendants' arguments on the merits, the grant of summary judgment is unwarranted under the circumstances. In opposition to defendants' motion for dismissal, plaintiffs make the eminently logical contention that there is no reason to bar resort to the discovery accrual provision of CPLR 214-c merely because their actions fall within the scope of General Municipal Law § 205-a. On the issue of diligence in discovering their injuries, plaintiffs assert that, despite their exposure to toxic fumes on February 19, 1989, they neither knew nor had reason to know the source of their injuries until

such time as their symptoms became manifest. Scherrer, in his complaint, places the time of onset "[i]n or about August, 1989", while Pressler places the operative date in October 1991, both of which times are within three years of the commencement of the respective actions.

In dismissing the complaints, Supreme Court utilized the three-year limitations period of CPLR 214 (2), applicable to liability imposed by statute, holding that plaintiffs' actions accrued on February 19, 1989, the date they were first treated for smoke inhalation following the fire on St. Nicholas Avenue. With respect to each plaintiff's claim, the court concluded "that the Statute of Limitations began to run on the earlier date when plaintiff first learned of his toxic injury notwithstanding his claim that he was unaware of its latent effects until the latter date", viz., the date of onset.

As a threshold matter, it should be emphasized that General Municipal Law § 205-a is a remedial statute designed to ameliorate the harsh effects of the firefighter's rule, which bars recovery in common-law negligence where injury is sustained as the result of dangers inherent in the firefighter's profession (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439, 441; *see also, Mullen v Zoebe, Inc.*, 86 NY2d 135 [comparative negligence is inconsistent with the broad remedial intent of General Municipal Law § 205-a and therefore inapplicable]). "General Municipal Law § 205-a imposes liability where injury to a fireman 'occurs directly or indirectly' from failure of the defendant to comply with a statutory or regulatory provision respecting the safety and maintenance of premises" (*Lusenskas v Axelrod*, 183 AD2d 244, 246, *appeal dismissed* 81 NY2d 300, citing *Kenavan v City of New York*, 70 NY2d 558, 567).

Defendants are correct in their initial premise that, because the liability imposed by General Municipal Law § 205-a is a creature of statute and no comparable liability existed at common law (*see, Mullen v Zoebe, Inc., supra*, at 140) the applicable limitations period is three years (CPLR 214 [2]; *Connetquot Cent. School Dist. v Greenport Union Free School Dist.*, 100 AD2d 923, 924; *European Am. Bank v Cain*, 79 AD2d 158, 164). However, the construction that is urged for the accrual discovery period of CPLR 214-c is much too restrictive.

Like General Municipal Law § 205-a, CPLR 214-c is a remedial statute that should be afforded a liberal construction. As the Court of Appeals has stated, "The all-encompassing sweep of the 'words chosen by the Legislature' leaves no room for judicial insertion of qualification or exceptions by interpreta-

tion * * * we discern no evidence in explicit words, legislative history or manifest intent that the Legislature chose to exempt [certain] actions from the comprehensive scope and language of this intensely negotiated legislation * * * enacted to open otherwise closed courthouse doors and to replace the common-law-developed rule, which was criticized as unfair" (*Jensen v General Elec. Co.*, 82 NY2d 77, 83-84; *see also, Rothstein v Tennessee Gas Pipeline Co.*, 204 AD2d 39, 43, citing *Prego v City of New York*, 147 AD2d 165, 172 and *Di Marco v Hudson Val. Blood Servs.*, 147 AD2d 156, 161, as to the Legislature's ability to limit the statute had such been its intent).

Contrary to defendants' argument, the absence of an express reference to liability imposed by the General Municipal Law in the enactment creating CPLR 214-c is hardly dispositive. In light of the broad remedial purpose of both General Municipal Law § 205-a and CPLR 214-c and in the absence of any legislative intent to restrict their application, it would be incongruous to construe one to restrict the operation of the other. Where, as here, both are applicable under the circumstances of the case, it is appropriate to apply them expansively (*see, Jensen v General Elec. Co., supra*, at 84). Moreover, the language of CPLR 214-c (2), which begins, "Notwithstanding the provisions of section 214", expressly states an intention that the discovery accrual rule supersede the three-year period of limitations governing liability created or imposed by statute (CPLR 214 [2]).

The second issue raised by this appeal—when plaintiffs should have known that their injuries were the result of exposure to a toxic substance—is governed by this Court's recent decision in *Cochrane v Owens-Corning Fiberglass Corp.* (219 AD2d 557). In that case, the plaintiff, who had been exposed to asbestos during the course of employment years earlier, had a history of shortness of breath, for which he had received extensive medical treatment. The plaintiff maintained that he had remained unaware of the relationship between his condition and his previous exposure to asbestos until he was diagnosed with " 'asbestos-related diffuse pleural thickening' " (*supra*, at 558) almost three years before he commenced the action. However, on two prior occasions, X rays had been taken of the plaintiff's chest and, in both instances, the radiologist's report stated that the possibility of exposure to asbestos should be explored as an aid to reaching a clinical diagnosis. Therefore, the defendants' motion to dismiss the complaint was granted on the reasoning that the plaintiff's contention was simply not credible.

In reversing the ruling and reinstating the complaint, we noted: "The operative question is when sufficient information was communicated to plaintiff so as to induce a reasonable person to associate his physical condition with exposure to a toxic substance * * * Inquiry regarding the time a plaintiff discovered or could, in the exercise of reasonable diligence, have discovered a condition presents a mixed question of law and fact and, where the plaintiff's knowledge cannot be conclusively demonstrated, a motion to dismiss the complaint must be denied and the question deferred until trial" (supra, at 559, citing Trepuk v Frank, 44 NY2d 723, 724-725, involving accrual in a fraud action under CPLR 213 [8]). We pointed out that whether the physicians who treated the plaintiff should have made the connection between occupational exposure to a toxic substance and their patient's condition was not material to the determination. In the absence of a definitive diagnosis, communicated to the plaintiff, there is no reason to impute what the treating physicians may have or should have known to the plaintiff.

The facts and circumstances of the matter presently before this Court simply do not justify the conclusion that, as a matter of law, each of the plaintiffs should have known of his injury on the date of the incident now alleged to have been the proximate cause of that injury (Cochrane v Owens-Corning Fiberglass Corp., supra; see also, Roman v Radio Frequency Co., 207 AD2d 1012). Assuming, as we must in the case of opposition to a motion to dismiss pleadings, the causative facts to be as plaintiffs allege (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338), it is clear that they continued to perform the full range of firefighting duties well after their treatment for smoke inhalation in early 1989. The record on appeal contains no evidence to controvert the assertion that the seriousness of each plaintiff's impairment only became manifest when he was afflicted with disabling symptoms. Whether there exist facts which should have led either plaintiff to conclude, at an earlier date, that the subject exposure to toxic fumes had resulted in injury is a matter requiring discovery and a question that must be resolved by the trier of fact (Cochrane v Owens-Corning Fiberglass Corp., supra).

Accordingly, the orders of the Supreme Court, New York County (Leland DeGrasse, J.), entered March 28, 1994 and March 30, 1994, respectively, which granted defendants' mo-

tion for summary judgment dismissing, as untimely, the complaints of plaintiffs Eugene F. Scherrer and Robert Pressler, should be reversed, on the law and facts, to the extent appealed from, as limited by the briefs, the motion denied and the complaints reinstated, without costs.

MURPHY, P. J., KUPFERMAN and WILLIAMS, JJ., concur.

Orders, Supreme Court, New York County, entered March 28, 1994 and March 30, 1994, respectively, reversed, on the law and facts, to the extent appealed from, as limited by the briefs, defendants' motion denied and the complaints reinstated, without costs.