Martin GRIFFIN and Denise Griffin, Plaintiffs–Appellants,

v.

GARRATT–CALLAHAN COMPANY, Defendant–Appellee.

No. 499, Docket 95–7430.

United States Court of Appeals, Second Circuit.

Argued Dec. 1, 1995.

Decided Jan. 18, 1996.

Adrienne Deluca, Shramko & Deluca, New York City, for Plaintiffs–Appellants.

Fran M. Jacobs, Richards & O'Neil, New York City, for Defendant–Appellee.

Before: CARDAMONE, CALABRESI, Circuit Judges, and NICKERSON, District Judge.*

CALABRESI, Circuit Judge:

Plaintiffs Martin and Denise Griffin appeal from a judgment of the United States District Court for the Southern District of New York (I. Leo Glasser, *District Judge* ), granting summary judgment in favor of the defendant, Garratt–Callahan Company (Garratt–Callahan). The District Court concluded that the plaintiffs' claims were time-barred because New York's statute of limitations for injuries arising from exposure to toxic substances, N.Y.Civ.Prac.L. & R. 214–c, affords potential plaintiffs three years from the date of discovery of the injury, and Mr. Griffin discovered his injuries in 1985, more than seven years before he began his suit. The District Court rejected Mr. Griffin's contention that injuries he sustained in 1991, less than three years before he sued Garratt–Callahan, were "separate and distinct" injuries that triggered a new limitations period. The court also dismissed Mr. Griffin's breach of warranty claims as time-barred by N.Y.U.C.C. § 2–725, which allows suit only within four years after the last date of delivery of a product. Finally, the District Court dismissed Mrs. Griffin's claims for loss of consortium because those claims were derivative of Mr. Griffin's claims and hence were only viable so long as Mr. Griffin's claims were good.

 We review a District Court's grant of summary judgment *de novo.* *See LaFond v. General Physics Serv. Corp.,* 50 F.3d 165, 171 (2d Cir.1995). And summary judgment is appropriate only when, taking the facts in the light most favorable to the non-moving party, those facts warrant a judgment for the moving party as a matter of law. *See id.*

---

* The Honorable Eugene H. Nickerson, Senior United States Judge for the Eastern District of New York, sitting by designation.

38

Between 1981 and 1991, Mr. Griffin was an employee in a Manhattan office building. His responsibilities included changing chemicals in the building's water tower. During the course of his employment he regularly handled certain chemicals manufactured by Garratt–Callahan. In 1985, while at work, Mr. Griffin apparently inhaled a substantial amount of the chemicals that he was putting into the water tower. Soon after this incident, he was admitted to a hospital and diagnosed with pneumonia and emphysema. His doctor told him that, particularly given the timing of the injury, his injury was likely to have been caused by the chemicals, but added that he could not say unequivocally that Mr. Griffin's lung problems were caused by these chemicals. His doctors never discussed any other possible cause of the injuries with Mr. Griffin. Between 1985 and 1990, Mr. Griffin experienced various lung problems, ranging from the above-mentioned pneumonia and emphysema to surgery for growths on his lungs. The pain he suffered required him to take valium and other drugs, and in 1987 he underwent treatment for addiction to valium. After his lung surgery, which occurred in 1990, Mr. Griffin's addiction to his pain-killers apparently recurred. In 1992, Mr. Griffin suffered a seizure as a result of his drug addiction. During the seizure, he collapsed and fractured his vertebrae.

Mr. Griffin brought suit against Garratt–Callahan in 1993. Both parties agree that the relevant limitations period is dictated by N.Y.Civ.Prac.L. & R. 214–c(2), which starts the clock running at the date when an individual discovers, or reasonably should have discovered, an injury. Mr. Griffin contends that the limitations period requires not only the discovery of an injury, but also discovery of the cause of that injury. And he asserts that he did not know that his injury was caused by exposure to Garratt–Callahan's chemicals until 1992.

In support of his position that the statute of limitations does not run until a potential plaintiff has discovered the cause of her or his injury, Mr. Griffin notes that the New York legislature passed § 214–c(2) in order to liberalize the limitations period for individuals exposed to toxic substances. *See, e.g., Jensen v. General Elec. Co.,* 82 N.Y.2d 77, 85–87, 603 N.Y.S.2d 420, 423–24, 623 N.E.2d 547, 550–51 (1993). The old New York rule was that a claim was time-barred if it was asserted more than three years after initial exposure to the toxic substance. Because many injuries from toxic exposure do not manifest themselves until long after initial exposure the legislature passed § 214–c(2) in 1986. *See id.*

Mr. Griffin argues that the purpose of § 214–c(2) would be substantially negated by a rule that started the running of the limitations period before an injured person could reasonably be aware that a known injury was in fact caused by toxic exposure. This argument has force. Indeed, Judge Weinstein recently went a good way toward adopting it when, in *Braune v. Abbott Laboratories,* 895 F.Supp. 530, 541–46 (E.D.N.Y.1995), he held, in the context of a DES class-action suit, that the time period under § 214–c(2) does not start running until the injured person knows, or ought reasonably to know, that the injury suffered was the result of human, rather than natural causes. Judge Weinstein then added that interpreting § 214–c(2) to require discovery of both an injury and its cause might well be most consistent with the expressed goals of the legislature that enacted this liberalizing statute of limitations.

There is, moreover, strong additional support for this approach in the historical context of the statute. In a memorandum approving the bill, the governor noted that the old rule was amended in large part so that New York could "join[ ] the more than 40 other states which have legislatively or judicially created" similar discovery-rule limitations periods. *Governor's Memorandum filed with Senate Bill Number 9391–A* (July 30, 1986), *in Governor's Bill Jacket,* Chapter 682, 1986 (N.Y.Legis.Serv.) And most of those other states that New York sought to join require that a potential plaintiff discover—or that he or she reasonably should have discovered—both the injury and its cause to trigger the limitations period. *See, e.g., Braune,* 895 F.Supp. at 548–51 (citing cases from numerous jurisdictions); *Dawson v. Eli Lilly & Co.,* 543 F.Supp. 1330, 1338 (D.D.C.

1982) (discussing discovery rules generally). It seems unlikely that the New York legislature, which sought to bring New York law in line with the law applied in other jurisdictions and to make the state's limitations rules more hospitable to plaintiffs' toxic tort claims, would silently create a rule significantly more restrictive than that applied in most of those states.

Nonetheless, several New York courts that have considered the application of § 214–c(2) have read the statute to require an injured person to file suit within three years after discovery of the injury—regardless of whether the cause of the injury was known at that time. *See Sweeney v. General Printing, Inc.*, 210 A.D.2d 865, 865–66, 621 N.Y.S.2d 132, 133 (3d Dep't 1994); *Johnson v. Ashland Oil, Inc.*, 195 A.D.2d 980, 981, 601 N.Y.S.2d 756, 757 (4th Dep't 1993). These courts note, and Garratt–Callahan emphasizes, that an interpretation of the statute requiring both discovery of the injury and discovery of the cause of the injury would make § 214–c(4) of the statute superfluous. This section provides that, if medical and scientific knowledge at the time of an injury were such that the injured party could not have known that the injury was caused by a toxic exposure, and if the injured party discovers the cause of the injury within five years of the date of the injury, that party will have one year from the date of discovery of the cause of the injury to begin a suit. *But see Braune*, 895 F.Supp. at 547–48 (suggesting an alternate interpretation of § 214–c(4) that would not be superfluous even if § 214–c(2) required discovery of the cause of the injury).

Not all New York courts have agreed that § 214–c(2) runs regardless of the discovery of the cause of an injury. *See Cochrane v. Owens–Corning Fiberglass Corp.*, 631 N.Y.S.2d 358, 360 (1st Dep't 1995) (discussed *infra*, implicitly requiring the discovery of the cause of injury). And the New York Court of Appeals has not spoken on the question.[1] Although the issue is certainly an important one, we are not inclined to certify the question to the state's highest court—and we expressly decline to decide it ourselves—on the facts presented by this dispute.

■ Whichever interpretation of § 214–c(2) is correct, Mr. Griffin's claims would still be time-barred. He discovered his injuries in 1985. If the statute requires no more than a discovery of the injury to start the limitations period, § 214–c(2) obviously barred him from bringing his claim after 1988. (We discuss below Mr. Griffin's contention that his later injuries should be considered separate and distinct from his earlier ones.) If, instead, the statute requires that a reasonable person would have discovered the cause of the injury, we think Mr. Griffin's claim would still be barred. The evidence in the record, read most favorably to Mr. Griffin, compels a conclusion that he knew, or ought reasonably to have known, that his injuries were caused by workplace chemicals before 1990.

Mr. Griffin directs our attention to a recent New York case, *Cochrane v. Owens–Corning Fiberglass Corp.*, —— A.D.2d ——, 631 N.Y.S.2d 358, 360 (1st Dep't 1995), in which the court held that "where the plaintiff's knowledge cannot be conclusively demonstrated, a motion to dismiss the complaint must be denied and the motion deferred until trial." In *Cochrane*, however, the plaintiff asserted that he had never been told even "that he *might* have been injured by asbestos exposure," *id.*, 631 N.Y.S.2d at 359 (emphasis added), until long after his injuries were discovered and that doctors instead discussed other possible causes of his medical problems. In addition, the plaintiff's doctor in *Cochrane* testified that he had not discussed the plaintiff's radiology reports with him at the time the injury was discovered. In fact, the only evidence that tended to show that Mr. Cochrane knew, or ought reasonably to have known, that his injuries were caused by asbestos were the hospital records showing

---

1. Both parties have directed our attention to the New York Court of Appeals' recent decision in *Rothstein v. Tennessee Gas Pipeline Co.*, 87 N.Y.2d 90, 637 N.Y.S.2d 674, 661 N.E.2d 146 (1995), as the most recent Court of Appeals' opinion concerning § 214–c. That case analyzes subsections (4) and (6) of § 214–c, and is therefore not directly applicable to Griffin's claims. It is worth noting, however, that the tone of the opinion emphasizes the remedial nature of the new discovery rule limitations period, and suggests that the Court of Appeals is unlikely to take an overly restrictive view of § 214–c(2)'s proper interpretation.

that his injury had been documented. Faced, on the one hand, with this documentary evidence, and on the other with substantial contradictory evidence from the plaintiff and from his doctors, the court in *Cochrane* understandably concluded that summary judgment was not appropriate.

Here, instead, Mr. Griffin was first hospitalized immediately after the 1985 incident in which he inhaled chemicals on the job. Mr. Griffin's doctor testified in the District Court that he told his patient at that time that it was likely—although not absolutely certain— that his injuries were the result of exposure to chemicals in the office. Mr. Griffin confirms this, and also that no other cause for the injury was suggested by his doctor. In addition, there is no evidence that information was obtained in the 1990s that would have made Mr. Griffin more likely to discover the cause of his ailments at that later time. All of the evidence in the record suggests that he knew, or reasonably should have known, of both his injury and the cause of that injury more than three years before he filed suit against Garratt–Callahan. Accordingly, even under the interpretation of the statute that Mr. Griffin advocates, the District Court correctly determined that his claims were barred.

■ Mr. Griffin also argues that, even if his claim is time-barred as to the injuries occurring before September, 1991, his seizures, the resulting fractured vertebrae and his drug addiction are "separate and distinct" injuries that should have been subject to their own limitations periods. *See, e.g., Fusaro v. Porter–Hayden Co.,* 145 Misc.2d 911, 548 N.Y.S.2d 856, 859 (Sup.Ct.1989), *aff'd,* 170 A.D.2d 239, 565 N.Y.S.2d 357 (1st Dep't 1991). But Mr. Griffin's various injuries are not separate and distinct injuries which arose independently from his exposure to chemicals. Rather, his later injuries were all complications that derived from his earlier ones. His lung problems led him to take painkillers; these led to addiction; as a result of that addiction he had seizures; and the seizures were the direct cause of his fractured vertebrae. In such circumstances, under New York law, the fact that some of Mr.

Griffin's injuries occurred within the three years before he brought suit cannot save his claim. *See Sweeney,* 210 A.D.2d at 866.

■ Finally, we agree with the District Court that Mr. Griffin's breach of warranty claims were barred by the relevant four-year limitations period provided in N.Y.U.C.C. § 2–725, since the last delivery of Garratt–Callahan chemicals was more than four years before Mr. Griffin filed his suit. And we also hold that, since none of Mr. Griffin's claims survive, Mrs. Griffin's derivative claims alleging loss of consortium must also be dismissed.[2]

### CONCLUSION

Although we leave open the question of whether N.Y.Civ.Prac.L. & R. 214–c(2) requires knowledge of cause as well as injury to trigger the statute of limitations, we find that all of Mr. Griffin's claims against Garratt–Callahan were time-barred, and that Mrs. Griffin's claims were appropriately rejected along with her husband's when the District Court granted summary judgment. Accordingly, we affirm the decision of the District Court.

---

**2.** Since the Griffins concede that the loss of consortium occurred well before the 1990s, we express no view on the possible validity of a claim

by Mrs. Griffin if her injury, albeit derivative, had first occurred within three years of her bringing suit.