■ ROBERT A. MARTZLOFF et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendant. STEPHEN P. HERNANDEZ et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant. [655 NYS2d 43] —Order of the Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about March 9, 1995 (index No. 22816/91), which denied defendant City of New York's motion seeking summary judgment dismissing the complaints of plaintiffs Martzloff, Curran and Hyland or, in the alternative, dismissing the complaints for failure to file a timely notice of claim in compliance with General Municipal Law § 50-e, unanimously reversed, on the law, without costs, the motion granted and the complaints dismissed as time barred. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaints. Order of the same court and Justice, entered on or about March 9, 1995 (index No. 22086/91), to the extent that it denied defendant City's motion for summary judgment on plaintiff Hernandez's causes of action predicated on General Municipal Law § 205-e, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as failing to state a cause of action. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiffs in the first action (index No. 22816/91) were all employed at the Rodman's Neck firing range from 1985 or before until 1990 or 1991. Each plaintiff claims that he suffered hearing damage as a result of exposure to the sound of gunfire. Notices of claim pursuant to section 50-e of the General Municipal Law were filed by plaintiffs Robert A. Martzloff and Matthew Curran on November 15, 1989 and by plaintiff Patrick F. Hyland on or about October 4, 1990. Amended notices of claim were filed by plaintiffs on or about April 26, 1991. Suit was commenced by plaintiffs Martzloff and Curran by service of a summons and complaint on or about March 20, 1990, and by plaintiff Hyland on or about November 20, 1990. Plaintiffs allege, *inter alia*, that defendant City of New York was negligent in controlling and operating an unsafe firing range facility and in failing to provide plaintiffs with sound barriers that were in good repair and fit for their intended or foreseeable use—that is, protection against impulse noise. Among the allegations are that the City failed to provide a safe work place in violation of Labor Law §§ 200 and 27-a. These plaintiffs served an amended complaint on or about June 21, 1991, "for the purpose of preserving and pursuing any and all claims * * * under General Municipal Law section 205-e and the 'revival' amendment to the same". The amended complaint asserts four counts against an additional defendant,

Mine Safety Appliances, the manufacturer of the hearing protectors issued by defendant City.

In the second action, the complaint filed by plaintiff Stephen P. Hernandez asserts the same claims as plaintiffs Martzloff, Curran and Hyland. Plaintiff Hernandez was employed at the Rodman's Neck firing range from June 1989 through January 17, 1991. It is alleged that he sustained unilateral hearing loss, compounded by a gunfire incident on September 26, 1990, resulting in tinnitus and a decrease in hearing in his left ear. On or about June 29, 1993, plaintiff Hernandez served an amended complaint pursuant to the retroactivity provision of General Municipal Law § 205-e, alleging that the City was liable under that provision by reason of its violation of various statutes or requirements that resulted in his sustaining latent hearing loss.

In the first action, Supreme Court denied the City's motion for summary judgment in its entirety, reasoning that because "plaintiffs were exposed to the noise from guns for many years prior to their filing of a notice of claim * * * plaintiffs are entitled to the benefits of CPLR 214-c and the subsections contained herein. Plaintiffs set forth viable claims in both ordinary negligence and under General Municipal Law § 205-e." In the second action, Supreme Court granted defendant's motion for summary judgment to the extent of dismissing all causes of action other than those predicated on General Municipal Law § 205-e. The court held that General Municipal Law § 205-e provides Hernandez with a revived opportunity to litigate the cause of action asserted in his complaint under that section.

In response to the City's motion to dismiss the claims, *inter alia*, as time barred pursuant to General Municipal Law §§ 50-e and 50-i, plaintiffs assert that their claims are governed by CPLR 214-c. They take the position that sound is a "substance" within the meaning of the statute (CPLR 214-c [2]) concluding that their actions accrued either upon discovery of the latent injury causing hearing loss or upon the date that, in the exercise of reasonable diligence, the injury could have been discovered.

The authority cited by plaintiffs does not support their proposition that CPLR 214-c extends to injuries allegedly resulting from exposure to high sound levels. All cases within the ambit of CPLR 214-c involve the ingestion of a substance (*e.g.*, *Rothstein v Tennessee Gas Pipeline Co.*, 87 NY2d 90 [ingestion of radioactive contrast medium]; *Cochrane v Owens-Corning Fiberglas Corp.*, 219 AD2d 557 [ingestion of asbestos fibers]; *Scherrer*

*v Time Equities*, 218 AD2d 116 [ingestion of smoke]; *Di Marco v Hudson Val. Blood Servs.*, 147 AD2d 156 [ingestion of HIV-tainted blood]). *Prego v City of New York* (147 AD2d 165), involving a needle stick as the result of which the plaintiff contracted HIV, is not to the contrary. The Appellate Division, Second Department quoted (at 175) the definition of "toxin" from Webster's Ninth New Collegiate Dictionary, beginning, " 'a colloidal proteinaceous poisonous *substance*' " (emphasis added). We might add that the needle, which had allegedly been used for "drawing blood cultures from an AIDS-afflicted patient" (*supra*, at 166), presumably held some substance (blood) contaminated by the HIV virus, which was thereby ingested by the plaintiff.

Sound is not a substance but a physical phenomenon, such as light or gravity. Being normally benign, it is readily distinguishable from the injurious substances contemplated by CPLR 214-c (2). As such, this dispute is governed by this Court's recent decision in *Blanco v American Tel. & Tel. Co.* (223 AD2d 156 [1996, Milonas, J.]), in which the plaintiffs claimed to have sustained repetitive stress injuries from long-term use of keyboards manufactured by the defendants. We noted (at 161) that, even according liberal construction to this remedial statute (*Rothstein v Tennessee Gas Pipeline Co., supra*), if the term "substance" under CPLR 214-c were to be applied to "any object, CPLR 214 would be rendered essentially meaningless, and a so-called 'discovery rule' would universally apply. This was surely not the intention of the Legislature." It is well settled that an interpretation that renders a statutory provision nugatory is disfavored (*see, Sanders v Winship*, 57 NY2d 391, 396; McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]).

In *Blanco* (*supra*), we employed the rationale of *Snyder v Town Insulation* (81 NY2d 429), concluding that, in circumstances where CPLR 214-c is inapplicable, the traditional rule of *Schmidt v Merchants Desp. Transp. Co.* (270 NY 287, 300 [1936]) is controlling: "Injury, as it is meant in the context of the statute, occurs and is 'complete' when the offending substance is inhaled or otherwise first 'introduced' into the body, *not* when the disease manifests itself. The disease is not the injury, but the consequences of the injury (81 NY2d, *supra*, at 433, citing *Schmidt v Merchants Desp. Transp. Co., supra*, at 301). Thus, it is this first date of exposure from which the Statute of Limitations is to be measured, notwithstanding the fact that the individual may be unaware of any injury until some disease or condition manifests itself—often many years later"

(223 AD2d, *supra*, at 162-163). Any doubt that the date of injury controls the start of the applicable period of limitations, even where the etiology of the injury is obscure, was recently resolved by the Court of Appeals' decision in *Matter of New York County DES Litig.* (89 NY2d 506). The Court made it clear that, to take advantage of CPLR 214-c in order to ameliorate the harsh result of the date-of-exposure rule, a plaintiff must " 'allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized' " (*supra*, at 512, quoting CPLR 214-c [4]). Since plaintiffs herein do not dispute that exposure to high sound levels is a known cause of hearing loss, they may not avail themselves of the discovery rule of CPLR 214-c. Because their actions were commenced more than one year and 90 days after the date they were first exposed to the sound of gunfire as firearms instructors for defendant City, their claims are untimely and must be dismissed (*Pierson v City of New York*, 56 NY2d 950).

As regards the claim of plaintiff Hernandez predicated on General Municipal Law § 205-e, it need only be observed that application of the statute is expressly limited to, *inter alia*, "any accident, causing injury" (General Municipal Law § 205-e [1]). The term "accident" is construed to mean a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). The injuries sustained in this matter, alleged to result from prolonged use of "inadequate" safety equipment and not from any specific malfunction or sudden failure of such equipment, are not accidental, and plaintiffs' claims under section 205-e are without foundation, as a matter of law. Concur—Sullivan, J. P., Wallach, Rubin, Tom and Andrias, JJ.