(July 31, 1997)

■ COLOR BY PERGAMENT, INC., Respondent, v DANIELLE PERGAMENT, Appellant. [660 NYS2d 431] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 21, 1996, to the extent that it granted plaintiff's motion for partial summary judgment subjecting defendant's shares to a 1983 shareholders agreement, unanimously reversed, on the law, without costs, and the motion denied.

On August 4, 1983, defendant's father, Henry Pergament,

engaged in a series of transactions whereby he acquired controlling interest (all 60 outstanding shares) in plaintiff, then sold half of those shares to Jeffrey Sinaw (plaintiff's president), and promised (in a shareholders agreement) to surrender the balance of his holdings to the company for the nominal price of $1, after completing his performance of consulting services over the next 12 years. Upon the expiration of the consulting contract in 1995, Henry refused to relinquish his shares, indicating that he had made an inter vivos gift of 20 of those shares to defendant prior to execution of the shareholders agreement. Plaintiff commenced arbitration proceedings against Henry, as provided for in the shareholders agreement, and simultaneously commenced the instant action against Henry's daughter. A temporary injunction issued from the court in February 1996, preventing defendant from transferring shares in her possession prior to determination of the arbitration.

In support of its motion, plaintiff pointed to its stock purchase agreement with Henry, executed simultaneously with the shareholders agreement in 1983, wherein Henry acknowledged that he was the owner and holder of all 60 of the outstanding shares of the corporation, and that he had not "issued to any person any option or any other right to acquire any of his or [the corporation's] shares." The preamble to the shareholders agreement repeated the statement that only 60 shares were currently issued and outstanding, and identified Henry and Sinaw as the sole shareholders. Plaintiff further pointed to an affidavit in unrelated litigation in late 1983,* in which Henry stated that he and his daughter had become beneficial owners of 50% of plaintiff's shares in *September* 1983 (i.e., *after* execution of the shareholders agreement). There is evidence in the record that Henry conveyed only an "income" interest in his stock holdings to his daughter as early as 1977, as opposed to stock "ownership" in her name prior to the shareholders agreement.

Defendant opposed the motion, offering Henry's affidavit that he had in fact irrevocably conveyed his 20 shares in the corporation to defendant in December 1977 under the Uniform Gifts to Minors Act. This was confirmed in tax returns filed from 1977 through 1980. Furthermore, Henry stated that Sinaw must have known about defendant's one-third interest at that time, because paragraph 6.3 of Sinaw's stock purchase agreement in 1983 acknowledged Henry's escrow pledge of 20

---

* Commenced by Henry as custodian for defendant herein under the New York Uniform Gifts to Minors Act.

shares "for himself and for his minor daughter Danielle" as security for the transaction.

Summary judgment is an exercise in issue-finding, not issue-determination, and may not be granted when material and triable issues of fact are presented (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Credibility of the parties is not a proper consideration in resolving conflicting evidence on a motion for summary judgment (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341), even where the non-moving party's own statements in the record may be in conflict with each other (*see, Cochrane v Owens-Corning Fiberglas Corp.*, 219 AD2d 557, 560). Clearly, there are serious factual issues in this case that preclude summary disposition. Concur—Murphy, P. J., Rosenberger, Wallach, Tom and Andrias, JJ.