■ RICARDO SARJOO et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents, et al., Defendant. [675 NYS2d 595] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered January 13, 1997, which, in an action for medical malpractice, granted defendants' motion to dismiss the complaint for failure to file a timely notice of claim, unanimously modified, on the law, to reinstate the claim against defendant New York City Health and Hospitals Corporation (Health and Hospitals) and remand the matter to afford the parties the opportunity for further discovery and otherwise affirmed, without costs.

While a notice of claim against a municipality must be served within 90 days of the time the claim arises (General Municipal Law § 50-e [1]; *Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333), a court may grant a plaintiff permission to serve a late notice of claim as long as the application for such permission is filed prior to the expiration of the applicable Statute of Limitations (General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950; *Luka v New York City Tr. Auth.*, 100 AD2d 323, 325, *affd* 63 NY2d 667).

Here, the acts of medical malpractice that are the subject of the complaint are alleged to have occurred at or around the time of plaintiff's birth on January 23, 1985. The applicable Statute of Limitations for this claim is one year and 90 days (General Municipal Law § 50-i). While under CPLR 208, which sets forth the tolling provisions applicable for infants, that period may be extended to a maximum of 10 years, that extension does not help plaintiff in the instant case. Plaintiff served a notice of claim on October 18, 1990, more than 90 days from accrual, but did not at that time seek permission to serve a late notice of claim. Defendant Health and Hospitals then waited more than five years to move to dismiss on the ground that the notice of claim was late, by which time more than 10 years had passed since accrual, thereby divesting the courts of any discretion to permit the service of a proper notice of claim within the statutory period as extended by the infancy toll (*see, Matter of Daniel J. v New York City Health & Hosps. Corp.*, 77 NY2d 630).

While it is clear that the 10-year period provided for in CPLR 208 runs from the date of malpractice and not from the completion of a course of continuous treatment (*supra; Richardson v New York City Health & Hosps. Corp.*, 191 AD2d 376), it is also clear that plaintiff is entitled to argue that, completely separate and apart from the CPLR 208 toll, his action was timely brought within the statutory period following the completion of a course of continuous treatment.

Moreover, plaintiff correctly contends that where it is alleged that the applicable Statute of Limitations was tolled by continuous treatment, he does not need the permission of the court to serve a late notice of claim as long as the notice is served within 90 days of cessation of the treatment (*see, Allende v New York City Health & Hosps. Corp., supra; Ganess v City of New York*, 85 NY2d 733).

Here, plaintiff has alleged that he was continuously treated by defendant hospital from the time of his birth up to 90 days prior to serving the notice of claim on October 18, 1990 and that his notice was therefore timely. Since there is a factual question as to whether the course of the treatment here falls within the continuous-treatment doctrine (*see, Ganess v City of New York*, 85 NY2d 733, *supra*), in light of the fact that discovery concerning that course of treatment has not yet been completed the motion to dismiss on this ground as to defendant Health and Hospitals is premature. Since there is no allegation of continuous treatment against defendant Nazon, the complaint against him was properly dismissed as untimely. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.