■ GERALD CASSON et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and MINE SAFETY APPLIANCES COMPANY, Respondent. RICHARD DENARO, Appellant, v CITY OF NEW YORK et al., Respondents. ANTHONY IAQUINTO, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant, and MINE SAFETY APPLIANCES COMPANY, Respondent. RAUL JIMINEZ-CINTRON et al., Appellants, v CITY OF NEW YORK et al., Respondents. RONALD KENNEDY et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and MINE SAFETY APPLIANCES COMPANY, Respondent. ROBERT A. MARTZLOFF et al., Appellants, v CITY OF NEW YORK et al., Defendants, and MINE SAFETY APPLIANCES COMPANY, Respondent. RICHARD MOLLOY et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and MINE SAFETY APPLIANCES COMPANY, Respondent. JOHN MCCORMACK, Appellant, v CITY OF NEW YORK et al., Respondents. EDWARD MUNDY et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and MINE SAFETY APPLIANCES COMPANY, Respondent. ELIZABETH MURPHY, Appellant, v CITY OF NEW YORK et al., Respondents. THOMAS A. ROSA, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant, and MINE SAFETY APPLIANCES COMPANY, Respondent. MICHAEL SILEO et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and MINE SAFETY APPLIANCES COMPANY, Respondent. [703 NYS2d 134] Orders, Supreme Court, Bronx County (Douglas McKeon, J.), entered August 11, 1997, which granted defendant Mine Safety Appliances Company's motion to dismiss the complaint in *Martzloff* as against it, unanimously affirmed, without costs. Orders, same court and Justice, entered August 31, September 10, October 1 and October 5, 1998, which granted defendants' motions to dismiss the complaints in *Denaro*, *Murphy*, *Jiminez-Cintron* and *McCormack*, unanimously affirmed, without costs. Orders, same court and Justice, entered July 3, August 8, August 11, August 12 and August 19, 1997, which dismissed the complaints in *Casson*, *Mundy*, *Molloy*, *Sileo*, *Iaquinto*, *Rosa* and *Kennedy*, with

the exception of the causes of action under General Municipal Law § 205-e as against defendant City of New York, unanimously modified, on the law, to dismiss those causes of action as well, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant City of New York dismissing the complaints as against it.

These 12 consolidated appeals all arise out of the hearing loss and related injuries allegedly suffered by plaintiffs, current and former members of the New York City Police Department, as a result of their exposure to the sound of gunfire at Police Department firing ranges and the lack of adequate protective devices. As this Court has already determined upon an identical set of facts, "sound" is not a "substance" within the meaning of CPLR 214-c, and therefore plaintiffs' claims are subject to the Statute of Limitations set forth in CPLR 214 (*see, Martzloff v City of New York*, 238 AD2d 115, 117, *lv dismissed* 90 NY2d 935). The last-use-or-onset-of-symptoms-whichever-is-earlier accrual rule applicable to repetitive stress injuries, such as those resulting from extended use of computer keyboards, as set forth by the Court of Appeals in *Blanco v American Tel. & Tel. Co.* (90 NY2d 757, 772-774), does not apply to plaintiffs' claims, since their own expert states that symptoms of clinically measurable damage manifest themselves immediately upon exposure to high sound levels. Thus, the traditional date of first exposure governs the accrual of plaintiffs' claims (*see, Martzloff v City of New York, supra*, at 118). We modify to dismiss the causes of action under General Municipal Law § 205-e since plaintiffs did not suffer an "accident" within the meaning of that statute (*see, supra*). Concur—Nardelli, J. P., Mazzarelli, Lerner and Andrias, JJ.