■ VINCENT GALLO, Respondent, v JOHN VENTIMIGLIA, Appellant. [726 NYS2d 17] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about December 13, 2000, which, to the extent appealed from, denied defendant's motion to dismiss plaintiff's first cause of action for assault and battery as time-barred, and denied his motion to sanction plaintiff for filing a frivolous action, unanimously affirmed, without costs.

Plaintiff's action for assault and battery, recommenced within 120 days of entry of the order dismissing his original action for invalid service, was properly found to have been

timely pursuant to the governing statute, CPLR former 306-b (b). In the case at bar, plaintiff's counsel were only belatedly notified by their court-watching service of the order granting defendant's motion to dismiss the original action. Upon learning of the disposition, counsel promptly entered and served the order and then recommenced the action. In light of the foregoing, the motion court's determination to compute the running of CPLR former 306-b (b)'s 120-day recommencement period from the date of service of notice of entry of the order granting the motion to dismiss the original action, rather than from the date of the order's issuance, was proper. Applying the statute as defendant advocates—while appealing at first blush—under the particular circumstances of this case would be inconsistent with the interpretive maxim that remedial statutes should be liberally construed to accomplish their remedial objectives (*see*, *Scherrer v Time Equities*, 218 AD2d 116, 122-123).

Defendant's motion for the imposition of sanctions upon plaintiff was properly denied as baseless. Concur—Rosenberger, J. P., Andrias, Rubin, Buckley and Marlow, JJ.