■ EUGENE MINIERO et al., Respondents, v CITY OF NEW YORK et al., Appellants. JAMES CARROLL et al., Respondents, v MINE SAFETY APPLIANCES COMPANY, Appellant. (And a Third-Party Action.) [885 NYS2d 45]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered February 13, 2007, which, in consolidated actions to recover for hearing loss and related injuries allegedly suffered by current and former members of the New York City Police Department as a result of their exposure to the sound of gunfire at Police Department firing ranges and the lack of adequate protective devices, denied defendants' motions for summary judgment dismissing the complaints, unanimously reversed, on the law, without costs, the motions granted and the complaints dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

As we held in *Casson v City of New York* (269 AD2d 285 [2000], *lv denied* 95 NY2d 756 [2000]), claims of injuries like those alleged by plaintiffs, which, according to their own expert, can manifest themselves immediately upon exposure to high sound levels, are governed not by the exceptional accrual rules applicable to toxic torts (CPLR 214-c) and repetitive stress injuries (*see Blanco v American Tel. & Tel. Co.*, 90 NY2d 757 [1997]), but by the traditional first-exposure rule. Plaintiffs furnished this Court with precisely the same expert affidavits as were submitted in *Casson* in their attempt to circumvent the time bar by claiming in some instances that a particular event closer in time to the commencement of the lawsuit triggered the hearing loss. However, each plaintiff was exposed to gunfire over a period of time, and each plaintiff's first exposure (between 1972 and 1987) occurred more than three years before the commencement of this suit. The expert averred that hearing loss occasioned by high sound levels usually occurs over time. Thus, there can be no dispute that all the complaints are barred by CPLR 214 and that defendants are entitled to summary judgment.

Moreover, the claim against the City is also barred because a

governmental authority is generally immune from liability for the consequences of official action involving the exercise of discretion based on its own rational judgment (*see Amodio v City of New York*, 33 AD3d 456 [2006], *lv denied* 8 NY3d 805 [2007]). The selection of protective equipment is a discretionary function for which liability can be imposed only if the municipality behaved irrationally (*id.*). The ear protectors manufactured by defendant Mine Safety Appliances Company (MSA) were tested and certified by the American National Standards Institute to reduce noise by 23 decibels when correctly worn. Although there is a warning on this product indicating that it might not be totally effective for high-impact sounds such as gunshots, it cannot be said that the decision to use this equipment was irrational at the time that it was used.

We note that, although plaintiffs claim to have used MSA's Noisefoe Mark IV ear protectors, they failed to preserve the ear protectors they used. Thus, there is some question as to which product was used. However, assuming that plaintiffs used defendant's product, the breach of warranty claims are time-barred because the last sale of the ear protector in question was in 1988. Failure to warn claims are also barred because the Noisefoe Mark IV labels featured a warning that complied with the Environmental Protection Agency standards set forth in 40 CFR 211.101 *et seq.*, pursuant to the Noise Control Act of 1972 (42 USC § 4907). The warning specifically stated: "Although hearing protectors can be recommended for protection against the harmful effects of impulsive noise, the Noise Reduction Rating is based on the attenuation of continuous noise *and may not be an accurate indicator of the protection attainable against impulsive noise such as gunfire*" (emphasis added). It is thus unnecessary to decide, as defendants urge, whether the failure to warn claims are preempted by federal standards.

Moreover, plaintiffs have not set forth any basis for a design or manufacturing defect claim against MSA. There is no evidence of a manufacturing defect or improper construction, since the product neither broke nor malfunctioned in any specific way (*see Caprara v Chrysler Corp.*, 52 NY2d 114, 128-129 [1981]). Nor has there been a showing of a design defect relative to the purposes for which the particular ear protectors were intended (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106-107 [1983]). While it is not necessary to prove a specific defect to succeed in a product defect case, it must at least be shown that the product did not perform as intended (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 42 [2003]). Here, there was no showing that the ear protectors did not reduce noise by 23

decibels, and that inference cannot be drawn from the fact that plaintiffs suffered hearing loss over a period of time. Concur— Catterson, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ. [*See* 15 Misc 3d 432.]