■ WANDA VIA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [26 NYS3d 282]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered January 23, 2015, which denied defendant New York City Housing Authority's (NYCHA) motion to dismiss plaintiff's bedbug claims, unanimously affirmed, without costs.

Plaintiff alleges that she suffered hundreds of bedbug bites over a period of months as the result of an infestation in an apartment owned by NYCHA. On or about November 16, 2012, she served a notice of claim on NYCHA, and thereafter NYCHA moved to dismiss her claims for failure to serve a timely notice of claim.

Plaintiff's bedbug claims are not governed by CPLR 214-c (3), because her injuries were not caused by a "substance" (*see Casson v City of New York*, 269 AD2d 285, 286 [1st Dept 2000], *lv denied* 95 NY2d 756 [2000]; *compare Di Marco v Hudson Val. Blood Servs.*, 147 AD2d 156, 159 [1st Dept 1989] [contaminated blood is a substance for the purposes of the statute]).

Nor does the evidence conclusively establish that plaintiff knew on or before August 5, 2012 that bedbugs were the cause of her injuries. Although plaintiff's testimony is often vague and inconsistent, she explicitly testified that she immediately called NYCHA when she discovered the bedbugs, and NYCHA's records indicate that plaintiff reported her bedbug complaint on August 19, 2012. While she had been bitten before that date, she attributed the bites to mosquitos. Her doctor's letter does not conclusively establish that she knew on August 5, 2012 that bedbugs were the cause of her injuries. At the very least, a factual issue exists as to whether plaintiff's claims arose more than 90 days before she served the notice of claim (*see* General Municipal Law § 50-e [1] [a]), and therefore NYCHA is not entitled to dismissal of her claims (*see e.g. Sarjoo v New York City Health & Hosps. Corp.*, 252 AD2d 449, 450 [1st Dept 1998]). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.