■ SUSAN FITZPATRICK, Appellant, v A. H. ROBINS COMPANY, INC., Respondent. — In a personal injury action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vitale, J.), dated August 16, 1983, which granted defendant's motion to dismiss her complaint upon the ground that the Statute of Limitations expired prior to the commencement of the action. Order modified, on the law, by deleting the provisions which granted those branches of defendant's motion which sought dismissal of the first, third and fourth causes of action of the complaint, and those branches are denied, without prejudice to defendant's right to renew those branches of its motion at trial. As so modified, order affirmed, without costs or disbursements. Plaintiff is directed to serve a supplemental bill of particulars in response to defendant's demand therefor within 30 days of service upon her of a copy of the order to be made hereon, with notice of entry. This action arises out of the plaintiff's use of an intrauterine birth control device known as the Dalkon coil or Dalkon shield, which was manufactured by the defendant. The complaint pleads four causes of action. Three of the causes, namely, negligence, violation of "statutes, codes, laws [and] ordinances" and strict products liability are subject to a three-year Statute of Limitations (CPLR 214). The cause of action for breach of warranty is governed by a four-year Statute of Limitations (Uniform Commercial Code, § 2-725). Plaintiff acknowledges that the Dalkon shield was inserted on or about November 5, 1971, but claims that she wore the device without incident until 1979 and that she suffered no injury from the shield until September, 1979. The instant action was commenced on November 27, 1979. Thereafter, defendant moved, pursuant to CPLR 3211 (subd [a], par 5), for an order dismissing the complaint upon the ground that the Statute of Limitations had expired prior to the commencement of the action. Special Term held that the plaintiff's causes of action accrued when the device was inserted on November 5, 1971, and that, therefore, all of the causes of action were time barred. While

Special Term correctly determined that the cause of action which alleges a breach of warranty is time barred inasmuch as the Statute of Limitations with respect to it commenced to run as of the date of sale of the shield to plaintiff (*Reyes v Bertocchi,* 92 AD2d 863, 867; *Doyle v Happy Tumbler Wash-O-Mat,* 90 AD2d 366), it erred in holding that the other causes of action accrued when the shield was inserted. Said causes of action accrued when the injury occurred (see *Lindsey v Robins Co.,* 60 NY2d 417), and that date, according to plaintiff, was in 1979. If, at the trial of the action, the evidence establishes that the onset of the process traceable to the shield, which is claimed to have caused plaintiff's injury, began more than three years before the commencement of the action, the defendant will be entitled to dismissal of the entire complaint on Statute of Limitations grounds. Mollen, P.·J., Mangano, Thompson and Niehoff, JJ., concur.