(April 21, 2005)

■ SUSAN WEIS MINDEL et al., Appellants, v THE PHOENIX OWNERS CORP., Respondent. [793 NYS2d 390]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 20, 2004, which granted defendant's motion to dismiss the complaint as time barred, as amended by order, same court and Justice, entered December 24, 2003, unanimously affirmed, without costs.

The causes of action for declaratory judgment and reimbursement of moneys, based on requirements set forth in both Administrative Code of the City of New York § 27-860 (adjoining chimneys) and a 1988 stipulation of settlement between the parties in a related action, were subject to the three-year statute of limitations (CPLR 214 [2]). Defendant's responsibility to alter the chimneys of plaintiffs' residence to conform to height requirements (§ 27-860 [a]), and to maintain and repair them (§ 27-860 [f] [4]), is clearly imposed by statute and did not exist at common law (*see Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 208 [2001]). Furthermore, plaintiffs' claims accrued at the time they completed the repair work in May 1998, more than three years prior to the commencement of this action in August 2002. The parties' 1988 stipulation imposed no separate or independent legal duties on defendant beyond those already imposed by statute. Accordingly, the shorter three-year statute of limitations applies here, rather than the six-year statute for breach of contract (*see European Am. Bank v Cain*, 79 AD2d 158, 164 [1981]). Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.