■ BARKLEE 94 LLC, Respondent, v AUGUSTUS OLIVER et al., Appellants. [2 NYS3d 425]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 16, 2014, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion as to the first, second, fourth, and fifth causes of action, so much of the third cause of action as sounds in nuisance and trespass, other than the portion of the trespass claim that is based on the installation of wires across plaintiff's rooftop, and so much of the sixth cause of action as seeks replacement of certain decorative panels along the building's rear facade, and otherwise affirmed, without costs.

The parties are owners of adjoining townhouses with a common structural wall (the Party Wall). Plaintiff commenced this action on February 15, 2013, alleging in support of its first, second, fourth and fifth causes of action that, in 2009, defendants, among other things, made changes to the rooftop part of the Party Wall (the Parapet Wall), rebuilt a chimney and flue in the northern section of the Party Wall, installed new flues at the southern end of the Parapet Wall, made changes to the wall

separating the parties' backyards and planted a row of closely spaced trees along the lot line, and buried untreated timber that had been used to shore up the backyard during excavation.

These causes of action, which sound variously in trespass, private nuisance, violation of property rights and Building Code provisions, and breach of a prior settlement agreement in which the parties agreed not to build any wall taller than six feet along their common lot line, are barred by the three-year statute of limitations (CPLR 214 [2], [4]; *see Mindel v Phoenix Owners Corp.*, 17 AD3d 227 [1st Dept 2005]; *Jemison v Crichlow*, 139 AD2d 332, 336 [2d Dept 1988], *affd* 74 NY2d 726 [1989]). The three-year statute governs the breach of contract cause of action because the settlement agreement resolved plaintiff's claim, brought in a prior action, that defendants' proposed construction of a yard wall taller than six feet would violate the Building Code, and thus added nothing new to defendants' duties under the Building Code (*Mindel*, 17 AD3d at 228).

In support of the third cause of action, plaintiff alleges that its building is "also burdened by wiring serving [the Oliver House] which crosses the center of [plaintiff's] roof, the rear facade of [the Barklee House], and [plaintiff's] side of the Yard Wall," and that defendants had "assume[d] no responsibility for this wiring." Defendant argues that since there is no allegation that defendants instructed their contractors to place any wiring on plaintiff's roof, gave the contractors negligent instructions relating to the placement of rooftop wiring, or otherwise intentionally caused the wires to be placed on plaintiff's property, no cause of action for trespass is stated. However, we must afford the pleading a liberal construction, accept the facts as alleged as true, and accord plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). While the third cause of action offers scant detail concerning the placement of the wiring, the complaint states elsewhere that "[d]efendants routinely trespassed on [p]laintiff's property, made changes to [p]laintiff's property without permission, violated [p]laintiff's property and easement rights in the Party Wall, and are encroaching on [p]laintiff's property." Reading the complaint as a whole, the allegations in the third cause of action, coupled with that allegation, sufficiently state a cause of action for trespass with respect to the wiring (*see e.g. Fitzgerald v Fahnestock & Co.*, 286 AD2d 573, 575 [1st Dept

2001]). None of the documentary evidence put forward by defendants establishes conclusively whether or not they are subject to any of the exceptions to the rule that a party who retains an independent contractor is not liable for the independent contractor's negligent acts (*see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 258 [2008]; *Kleeman v Rheingold*, 81 NY2d 270, 274 [1993]; *Seltzer v Bayer*, 272 AD2d 263, 264 [1st Dept 2000]).

Plaintiff's allegations that defendants installed various eight-foot-high screens and other structures on the roof along the Parapet Wall fail to state a cause of action for trespass or nuisance (*see Golub v Simon*, 28 AD3d 359 [1st Dept 2006]). However, they state a cause of action for violations of applicable New York City Zoning Resolutions.

So much of the sixth cause of action as seeks replacement of certain decorative panels installed by defendants along their building's rear facade fails to state a cause of action for private nuisance (*see Ruscito v Swaine, Inc.*, 17 AD3d 560 [2d Dept 2005], *lv denied* 5 NY3d 704 [2005], *cert denied* 546 US 978 [2005]). The remainder of the sixth cause of action, which alleges that defendants made changes to the Party Wall and to their building's foundation, undermining the structural integrity of plaintiff's building, states a cause of action for violations of plaintiff's easement and property rights (*see Sakele Bros. v Safdie*, 302 AD2d 20, 25-26 [1st Dept 2002]; *5 E. 73rd, Inc. v 11 E. 73rd St. Corp.*, 16 Misc 2d 49, 52 [Sup Ct, NY County 1959], *affd* 13 AD2d 764 [1st Dept 1961]; *see also* Administrative Code of City of NY § 28-306.1). Contrary to defendants' contention, the architect's application for payment does not conclusively establish that the renovation project was completed as of January 13, 2010, rendering this cause of action time-barred (*see* CPLR 3211 [a] [1]; *Zanett Lombardier, Ltd. v Maslow*, 29 AD3d 495 [1st Dept 2006]).

The seventh cause of action, which alleges that defendants excavated the front yard without providing adequate lateral support for plaintiff's property, states a cause of action for violations of the New York City Building and Landmarks Codes (*see* Administrative Code §§ 25-305 [a] [1]; 28-3304.4.1). Contrary to defendants' contentions, the Department of Buildings inspection report dated June 10, 2013, does not conclusively establish that the excavation did not violate any Building or Landmarks Code provisions.

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.