15-1293-cv
*Wright v. City of Ithaca*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:     JOSÉ A. CABRANES,
             BARRINGTON D. PARKER,
             GERARD E. LYNCH,
                          *Circuit Judges.*

---

B. DOUGLAS WRIGHT AND MELISSA WRIGHT,

                 *Plaintiffs-Appellants,*                           15-1293-cv

                 v.

CITY OF ITHACA, NEW YORK, CAROLYN PETERSON,
SCHELLEY MICHELL-NUNN, EDWARD VALLELY,
LAUREN SIGNER,

                 *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**          A.J. Bosman, Bosman Law Firm, L.L.C.,
                                         Rome, NY.


**FOR DEFENDANTS-APPELLEES:**           Paul E. Wagner, Anne-Marie Mizel,
                                         Stokes Wagner, PC, LLC, Ithaca, NY.

        Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-appellants B. Douglas Wright ("Wright") and Melissa Wright (together, "the Wrights") appeal from a March 20, 2015 judgment granting defendants-appellees' motion for summary judgment, which followed a March 15, 2012 order granting in part defendants-appellees' motion to dismiss. The Wrights also appeal a discovery order of January 10, 2014 (Therese Wiley Dancks, *Magistrate Judge*). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Wright, who is white, formerly worked as a police sergeant in the City of Ithaca, New York ("Ithaca"), which is a defendant-appellee. He alleges that the Ithaca police department twice denied him promotions to lieutenant—first in 2007, and again in 2009—because of his race, and that the police department instead promoted less-qualified non-white candidates. On appeal, the Wrights argue that the District Court erred (1) in concluding that several of Wright's claims—under 42 U.S.C. § 1983; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and Chapter 215 of the City of Ithaca Municipal Code ("IMC")—were time-barred; (2) in determining that Wright had failed to produce evidence sufficient to survive summary judgment on his 42 U.S.C. § 1981 claim; (3) in denying Wright discovery regarding Ithaca's employment policies; and (4) in determining that Melissa Wright's claim for loss of consortium failed as a matter of law.

"We review a grant of summary judgment *de novo* and may affirm on any basis that finds support in the record." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citation omitted). We "resolve all ambiguities and draw all reasonable inferences against the moving party." *Id.* Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We affirm the District Court's grant of summary judgment because each of Wright's claims is time-barred. Actions brought in New York for employment discrimination under § 1983 or the NYSHRL are governed by a three-year statute of limitations, "running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (internal quotation marks omitted) (discussing § 1983); *see Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (discussing NYSHRL). Section 1981 claims are governed by a four-year statute of limitations "if the plaintiff's claim against the defendant was made possible by" an Act of Congress enacted after December 1, 1990. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Other § 1981 claims in New York have a three-year limitations period. *See Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004). Accordingly, we must determine whether Wright's claim would have been cognizable under § 1981, which was first enacted in 1866, prior to its amendment by the Civil Rights Act of 1991.

Before the 1991 amendment, a failure-to-promote claim was cognizable under § 1981 "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer." *Patterson v. McClean Credit Union*, 491 U.S. 164, 185 (1989), *superseded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, § 101, 105 Stat. 1071, 1071–72. That standard did not encompass promotions "given routinely upon satisfactory job performance" or "not involving a substantial increase in status or responsibility." *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1412 (2d Cir. 1993). But the pre-1991 statute did permit actions for the denial of "any promotion that creates a qualitatively different relation between the employer and employee." *Id.*

We have no trouble concluding that promotion from police sergeant to police lieutenant entails the kind of "substantial increase in status or responsibility" necessary to assert a claim under § 1981 before its amendment. *See id.* (listing, as examples of actionable promotions, "a move from factory worker to foreman, foreman to foreman supervisor, or manager to officer"). Promotion to lieutenant is not "routine"; candidates must submit an application, sit for a specific "lieutenant's exam," and interview with a promotional committee, App. 259–61. Once promoted, lieutenants take a new oath of office, which suggests a "new and distinct relation" with the police department. *Cf. Patterson*, 491 U.S. at 185. In addition, lieutenants receive significantly higher base pay and better promotional opportunities than sergeants. We therefore conclude that a three-year statute of limitations applies to Wright's § 1981 claim.

Like the District Court, we assume without deciding that Chapter 215 of the IMC authorizes a private right of action, and conclude, as did the District Court, that any such claim would also be governed by a three-year statute of limitations. The IMC itself does not specify a limitations period, but N.Y.C.P.L.R. § 214(2) provides that "an action to recover upon a liability, penalty or forfeiture created or imposed by statute" "must be commenced within three years." New York courts have interpreted that provision as applying where a "statute creates a liability for wrongs not recognized in the common or decisional law, and which would not exist but for the statute." *Hartnett v. N.Y.C. Transit Auth.*, 657 N.E.2d 773, 776 (N.Y. 1995) (internal quotation marks omitted). That definition undisputedly describes liability for employment discrimination, which was not cognizable at common law. Nonetheless, Wright argues that "statute," as used in § 214(2), refers only to state, not municipal, laws. But New York courts have consistently interpreted § 214(2) as applying to local ordinances. *See, e.g.*, *Espada 2001 v. N.Y.C. Campaign Fin. Bd.*, 870 N.Y.S.2d 293, 298 (1st Dep't 2008); *Mindel v. Phoenix Owners Corp.*, 793 N.Y.S.2d 390, 390 (1st Dep't 2005); *City of New York v. N.Y. Tel. Co.*, 489 N.Y.S.2d 474, 477 (1st Dep't 1985); *Fitzpatrick v. A.H. Robins Co., Inc.*, 470 N.Y.S.2d 414, 415 (2d Dep't 1984); *see also Sonmax, Inc. v. City of New York*, 372 N.E.2d 9, 11 (N.Y. 1977) ("[F]or the purposes of [C.P.L.R. § 5601(b)(2)] a local law is to be considered a statutory provision of the state." (internal quotation marks omitted)); *F.T.B. Realty Corp. v. Goodman*, 89 N.E.2d 865, 867 (N.Y. 1949) (holding that a city ordinance "is a statutory provision of the state within the

meaning of the . . . State Constitution" and Civil Practice Act § 588(4) (internal quotation marks omitted)).

Because each of Wright's claims is governed by a three-year statute of limitations, each claim is untimely. Wright learned no later than February 28, 2009—more than three years before he commenced this action on February 29, 2012—of his most recent denied promotion. Wright himself testified that he learned that Ithaca would instead promote Marlon Byrd, a black sergeant, "about a week, week and a half, two weeks before" Byrd was sworn in on March 5, 2009. *See* App. 1224–25. A week before March 5, 2009, was February 27. That accords with an affidavit submitted by defendant-appellee Edward Vallely, Ithaca's former police chief, stating that he had offered the promotion to Byrd on February 27, and that Vallely had told Wright of his decision before that date. App. 500–03. *A fortiori*, Wright's 2007 failure-to-promote claim is also untimely.

Because Wright's claims are untimely, we need not consider his arguments regarding discovery. In any case, he waived the right to appellate review of the Magistrate Judge's discovery order by failing to object to it below. *See Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993).

Finally, we reject Melissa Wright's claim for loss of consortium. Even if we assume *arguendo* that such a claim is cognizable under federal or state law, her derivative claim must fall with her husband's principal claims. *See Griffin v. Garratt-Callahan Co.*, 74 F.3d 36, 40 (2d Cir. 1996).

## CONCLUSION

We have reviewed all of the arguments raised by the Wrights on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4