[29 NYS3d 15]

WEST CHELSEA BUILDING LLC, Appellant, v JACK GUTTMAN et al., Respondents, et al., Defendant.

First Department, March 31, 2016

### APPEARANCES OF COUNSEL

*Jeffrey W. Toback, P.C.*, Long Beach (*Jeffrey Toback* of counsel), for appellant.

*Harfenist Kraut & Perlstein, LLP*, Lake Success (*Steven J. Harfenist* and *Andrew C. Lang* of counsel), for respondents.

### OPINION OF THE COURT

Tom, J.

The issue raised on appeal is whether the three-year statue of limitations is tolled by defendants' failure to given written notice to plaintiff pursuant to Administrative Code of the City of New York § 27-860 (c). We find that it is not and that plaintiff's action is time-barred.

Plaintiff West Chelsea Building LLC is the owner of a 10-story building located at 526 West 26th Street in Manhattan. On the building's roof is a chimney and ventilation system that services the building. Defendants Jack Guttman, Young Woo & Assoc., LLC, Bass Associates LLC, and Guttman Realty Fund 1 LLC are the owners of an adjacent building located at 543-545 West 25th Street. It is undisputed that the buildings are within 100 feet of each other.

Between 2005 and 2007, defendants converted their property into the Arts Tower Condominium, and increased the height of the structure to 21 stories, so that it extends higher than the chimney located atop plaintiff's building. Plaintiff alleges that conversion of the Arts Tower property rendered its chimney noncompliant with Administrative Code § 27-859, which requires that a building's chimney vent be at least as high, or in certain cases 20 feet higher, than the height of adjoining structures located within a certain distance.

In the underlying action, plaintiff seeks to recover the cost of modifying its chimney to become code-compliant. Defendants moved to dismiss the complaint under CPLR 3211 (a) (1) and (5), arguing that plaintiff's claim was barred by the applicable three-year statute of limitations (CPLR 214 [2]) because the construction of their building was substantially completed in January 2007 and this action was not commenced until 2014.

Plaintiff opposed dismissal, arguing that the limitations period was tolled because it was never given written notification of the conversion of defendants' property into a 21-story structure, as required by Administrative Code § 27-860 (c).

Supreme Court granted defendants' motion to dismiss, finding that defendants established via documentary evidence that the statute of limitations expired on or about January 22, 2010, and rejecting plaintiff's claim that the limitations period was tolled by virtue of defendants' failure to give written notification (2014 NY Slip Op 32261[U] [2014]). We now affirm.

Administrative Code § 27-860 (a) requires owners of buildings with increased or extended heights to be responsible for altering neighboring chimneys rendered noncompliant with Administrative Code § 27-859. Specifically, it provides that

> "[w]henever a building is erected, enlarged, or increased in height so that any portion of such building . . . extends higher than the top of any previously constructed chimneys within one hundred feet, the owner of such new or altered building shall have the responsibility of altering such chimneys to make them conform with the requirements of section 27-859 of this article."

In addition, Administrative Code § 27-860 (c) provides that

> "[t]he owner of the new or altered building shall notify the owner of the building affected in writing at least forty-five days before starting the work required and request written consent to do such work. Such notice shall be accompanied by plans indicating the manner in which the proposed alterations are to be made."

Plaintiff alleges and defendants do not dispute that they failed to notify plaintiff of their plans to erect, enlarge or increase the height of their building, as required by Administrative Code § 27-860 (c). In particular, in an affidavit made in opposition to defendants' dismissal motion, Mike Sosa, plaintiff's building manager, stated that although he was aware that defendants erected a taller adjacent building commencing in 2005 and continuing through 2007, defendants never gave written notice as required by the statute. Sosa averred that, had such written notice been given, plaintiff would have made sure that defendants fulfilled their obligation to alter plaintiff's chimney in accordance with the procedures set forth in Administrative Code § 27-860 (f).

In *Mindel v Phoenix Owners Corp.* (17 AD3d 227, 228 [1st Dept 2005]) this Court held that a cause of action based on a violation of Administrative Code § 27-860 is subject to the three-year statute of limitations set forth in CPLR 214 (2), which applies to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute." Since the applicable limitations period is settled, the only question before us is the accrual date of plaintiff's cause of action.

"In general, a cause of action accrues, triggering commencement of the limitations period, when all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief" (*Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001]). In an action to recover for a liability created or imposed by statute, the statutory language determines the elements of the claim that must exist before the action accrues (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 221 [1996]).

Pursuant to the statutory language, plaintiff's claim accrued when defendants' building (1) was erected; (2) was sited within 100 feet of plaintiff's chimney; and (3) was increased in height so that it exceeded the height of plaintiff's chimney vent. Here, all the factual circumstances required to establish a right of action occurred by January 2007, when the work on the building had been substantially completed. The January 22, 2007 temporary certificate of occupancy (CO), issued by the Department of Buildings (DOB), certified that defendants' building was 20 stories tall and "conform[ed] substantially to the approved plans and specifications[,] and to the requirements of all applicable laws, rules and regulations for the uses and occupancies specified" for the project. The approved condominium offering plan stated that the Arts Tower would consist of a cellar level and 20 additional stories. This documentary evidence is prima facie proof that as of January 22, 2007, the building was erected to a height that was 10 stories taller than plaintiff's chimney, and sited within 100 feet of the chimney, thus triggering the three-year limitations period on plaintiff's claim that defendants failed to comply with Administrative Code § 27-860 (a). Moreover, plaintiff concedes that it was aware of the building's height by the time construction was substantially completed in 2007. Accordingly plaintiff's claim accrued on January 22, 2007, and this action, commenced in March 2014, is thus time-barred (*see* CPLR 214 [2]; *Mindel v Phoenix Owners Corp.*, 17 AD3d at 228).

There is no merit to plaintiff's contention that the limitations period did not begin to run in 2007 because the DOB has issued 28 additional temporary COs since that time. The issuance of the temporary CO in 2007 indicates that substantial completion occurred at that time. Indeed, "construction may be complete even though incidental matters relating to the project remain open" and "for [s]tatute of [l]imitations purposes the date of the final certificate is not controlling" (*State of New York v Lundin*, 60 NY2d 987, 989 [1983]; *see also Verderame Contr. Co. v Talel*, 1997 WL 34849945 [Sup Ct, NY County, July 16, 1997, No. 1185641995]).

Plaintiff raises a valid concern by questioning why developers should feel compelled to comply with the notice requirement in Administrative Code § 27-860 (c) unless there are consequences for noncompliance. While we do not condone defendants' noncompliance with the notice requirement, we conclude, particularly in light of plaintiff's admission that it was aware of the 21-story adjoining structure in 2007, that defendants' failure to provide written notice did not relieve plaintiff of the obligation to commence this action within the applicable three-year limitations period. Nor can plaintiff explain how defendants' failure to provide written notice prevented it from realizing that defendants' building had rendered its chimney noncompliant with the Administrative Code, or somehow hampered its ability to file the complaint within the three-year limitations period once construction was substantially completed. Additionally, we note that the issue of an appropriate penalty for defendants' failure to provide written notice is not necessarily raised by the complaint, which only seeks to recover plaintiff's cost for making its chimney code-compliant.

Moreover, plaintiff's analogy to cases in which written notice to a defendant was required by statute before liability could be imposed upon that defendant is unavailing (*see e.g. New York City Campaign Fin. Bd. v Ortiz*, 38 AD3d 75, 78 [1st Dept 2006] [party cannot be fined for violating campaign finance rules without first being given written notice of the charges]; *Bielecki v City of New York*, 14 AD3d 301 [1st Dept 2005] [City must receive written notice of an alleged sidewalk or roadway defect before it can be held liable for personal injuries resulting therefrom]).

Unlike those matters relied on by plaintiff, Administrative Code § 27-860 does not require written notice as a prerequisite

to finding liability. Subdivision (c) of the section directs the owner of the new or altered building to notify the owner of the affected building in writing for the purpose of getting written consent to do the alteration work. It also directs the owner of the new or altered building to attach proposed plans as to how the affected chimney will be altered. Subdivision (d) provides that such proposed plans are subject to the approval of the DOB Commissioner, and subdivision (e) permits the owner of the affected building to either grant or deny consent to the proposed alterations on its chimney. Therefore, a plain reading of the statute's various subdivisions reveals that the purpose of the written notice requirement is to provide the owner of the affected building an opportunity to either grant or deny consent to the proposed work on the affected chimney (see Administrative Code § 27-860 [c], [d], [e]). Thus, there is no basis in the statute for finding that the statute of limitations is tolled until written notice is provided by the owner of the new or altered building. Nor has plaintiff provided any authority to support the assertion that failure to provide notice tolls the statute of limitations.

Accordingly, the order of the Supreme Court, New York County (Carol R. Edmead, J.), entered August 22, 2014, which granted defendants Guttman, Young Woo, Bass, and Guttman Realty's motion to dismiss the complaint as against them on statute of limitations grounds, should be affirmed, without costs.

FRIEDMAN, SAXE and KAPNICK, JJ., concur.

Order, Supreme Court, New York County, entered August 22, 2014, which granted the motion of defendants Jack Guttman, Young Woo & Assoc., LLC, Bass Associates LLC and Guttman Realty Fund 1 LLC to dismiss the complaint as against them on statute of limitations grounds, affirmed, without costs.