Barklee 94 LLC v Oliver (2018 NY Slip Op 08248)





Barklee 94 LLC v Oliver


2018 NY Slip Op 08248


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


100346/13 7781A 7781

[*1] Barklee 94 LLC, Plaintiff-Appellant,
v
Augustus Oliver, et al., Defendants-Respondents.


Barbara Kraebel, New York, for appellant.
Frydman LLC, New York (David S. Frydman of counsel), for respondents.



Judgment, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered June 29, 2017, dismissing the complaint with prejudice, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 27, 2017, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to reopen discovery, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
So much of the first cause of action as alleged that defendants' workers failed to comply with building code requirements for inspection, to give timely notice of excavation work, and to report a party wall easement in filed building plans was correctly dismissed as time-barred, in accordance with a prior order of this Court (124 AD3d 459 [1st Dept 2015]). Plaintiff's argument that the statute of limitations ran from 2011, when the certificate of occupancy was issued, is without merit (see West Chelsea Building LLC v Guttman, 139 AD3d 39, 43 [1st Dept 2016]).
The roof wire/trespass claim alleged in the third cause of action was correctly dismissed because the evidence establishes that the wire was installed by independent contractors, and there is no evidence that raises an issue of fact as to the existence of any exception to the rule that an owner will not be liable for an independent contractor's negligent installation (see Rothstein v State, 284 AD2d 130 [1st Dept 2001]; Kojic v City of New York, 76 AD2d 828 [2d Dept 1980]).
So much of the sixth cause of action as seeks to direct defendants to complete the decorative panel on their side of the party wall is barred by the doctrine of law of the case, this Court having found that the underlying allegations failed to state a cause of action (124 AD3d 459). Moreover, the motion court correctly found that the claim was barred by the applicable statute of limitations (see RPAPL 2001; CPLR 214[4]).
Plaintiff failed to meet its burden under CPLR 3212(f) to show that facts may exist that would establish its belated claim that elevator anchor bolts encroached upon its portion of the party wall.
Plaintiff's remaining arguments are without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK