16-4258-cv (L)
*Miller v. City of Ithaca*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand eighteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,

---

CHRISTOPHER MILLER

*Plaintiff-Appellee-Cross-Appellant*,

v.

CITY OF ITHACA, NEW YORK, EDWARD VALLELY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CHIEF OF POLICE, JOHN BARBER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS DEPUTY CHIEF OF POLICE, PETE TYLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS DEPUTY CHIEF OF POLICE,

*Defendants-Appellants-Cross-Appellees*,

TOMPKINS COUNTY DISTRICT ATTORNEY'S OFFICE, GWEN WILKINSON, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS TOMPKINS COUNTY DISTRICT ATTORNEY, TOMPKINS COUNTY, NEW YORK, LAUREN SIGNER, IN HER INDIVIDUAL CAPACITY AS FORMER CHIEF OF POLICE OF THE CITY OF ITHACA, MARLON BYRD, IN HIS INDIVIDUAL AND OFFICIAL

Nos. 16-4258-cv, 16-4259-cv

1

CAPACITY AS A SERGEANT WITH THE CITY OF ITHACA POLICE DEPARTMENT, SCOTT GARIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A SERGEANT WITH THE CITY OF ITHACA POLICE DEPARTMENT, ANDREW NAVARRO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A SERGEANT WITH THE CITY OF ITHACA POLICE DEPARTMENT,

*Defendants-Cross-Appellees*,

ITHACA POLICE BENEVOLENT ASSOCIATION, INC., JEFFERY HUDDLE, PRESIDENT OF THE ITHACA POLICE BENEVOLENT ASSOCIATION, INC., JOHN DOE(S), IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, JANE DOE(S), IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

*Defendants*.

---

| | |
|---|---|
| Appearing for *Plaintiff*: | A.J. BOSMAN, Bosman Law Firm, L.L.C., Rome, NY |
| Appearing for *Defendants*: | PAUL E. WAGNER, Anne-Marie Mizel, John R. Hunt, *on the brief*, Stokes Wagner, ALC, Ithaca, NY |

---

Appeal and cross-appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, Sharpe, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** with directions.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we summarize as follows. After three jury trials in the district court, plaintiff Christopher Miller won partial victory on his claims asserting violations of Title VII's anti-retaliation provisions. The City of Ithaca and individual defendants ("defendants") appeal. They contend that the jury charge should have required the jury to apply a "but-for" standard of causation

2

adopted in *Univ. Tx. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013), instead of the then-prevailing "motivating factor" standard, when deciding if an employment action was the result of the plaintiff's exercise of his rights. Defendants also argue that Miller's beat assignments, which the jury determined were a form of retaliation, were insufficiently adverse to qualify as such. We agree with the former assertion and disagree with the latter.

Plaintiff-appellee Christopher Miller cross-appeals. He asserts primarily that the district court erred in vacating his awards of damages and in remanding for a new trial on liability as to his beat assignment claim and a new assessment of damages as to all claims. Miller also argues that the district court erred by: (1) precluding evidence of disparate treatment, (2) dismissing his First Amendment and 42 U.S.C. § 1981 retaliation claims, (3) imposing a heightened pleading standard, (4) refusing to grant equitable relief, (5) denying Miller's discovery requests for education and employment records of other officers, and (6) precluding relevant medical evidence at the third trial. Miller's claims are without merit.

Both sides argue that the district court erred as to the amount of attorney's fees and costs awarded to Miller. We affirm the district court's decision as to fees and costs.

We begin with defendants' assertion that the district court gave an erroneous instruction regarding Miller's retaliation claims. The original jury returned a verdict in favor of Miller in 2012 on both claims of retaliation; but it did so after having been instructed on the less rigorous motivating factor standard, which has since been

3

superseded by the but-for standard set out in the Supreme Court's 2013 decision in *Nassar*. *See Nassar*, 570 U.S. at 360. Although the district court subsequently vacated part of that award and ordered a new trial with respect to all the damages claimed, the court did not disturb the jury's liability finding that defendants retaliated against Miller when they issued the Notice of Discipline that effectively terminated him (Notice of Termination).

We review de novo whether a district court properly instructed the jury, *see Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011), and we must apply the principle that when the Supreme Court or this Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review," *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91 (2d Cir. 2009) (quoting *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)); *see also Mitsui Sumitomo Ins. Co. v. Evergreen Marine Corp.*, 621 F.3d 215, 220 (2d Cir. 2010). In light of the Supreme Court's *Nassar* decision, which became the "controlling interpretation of federal law" in 2013, *see Hawknet, Ltd.*, 590 F.3d at 91, we hold that the instruction on causation given to the jury was erroneous, *Millea*, 658 F.3d at 163. Because a reasonable jury could find that the Notice of Termination did not constitute retaliation when analyzed under the proper but-for causation standard, we conclude that the error was prejudicial. *See Rasanen v. Doe*, 723 F.3d 325, 334–35 & n.6 (2d Cir. 2013); *Millea*, 658 F.3d at 163. As a result, the jury's finding with respect to the Notice of Termination claim is vacated and Miller's retaliation claim is remanded for a new

4

trial to determine liability under the proper but-for causation standard and, if necessary, damages.[1] *See Millea*, 658 F.3d at 163.

With respect to Miller's retaliation claim based on his beat assignments, we are not persuaded by defendants' arguments that, as a matter of law, Miller's beat assignments were insufficiently adverse to qualify as actionable retaliation. There was testimony from Ithaca Police Department ("IPD") officers that those assignments were generally given to junior officers but could be assigned to more senior officers as "punishment" beats. Thus, the beat assignments to which Miller was assigned in July and August of 2009 were "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006); *Hicks v. Baines*, 593 F.3d 159, 162 (2d Cir. 2010).

Although we have determined that the jury could have found the beat assignments to have been sufficiently onerous as to constitute an adverse employment action cognizable as retaliation, the district court's rulings that Miller's beat assignments did not cause sufficient harm to justify a $220,000 judgment based solely on non-economic loss, much less a $2,000,000 judgment, were not an abuse of

---

[1] Defendants argue that an arbitrator's mixed-motive finding should preclude Miller from pursuing his Notice of Termination claim, and that they are therefore entitled to judgment as a matter of law on that claim. In so arguing, they rely on *Matima v. Celli*, 228 F.3d 68 (2d Cir. 2000), for the proposition that "a mixed motive finding acts as a complete bar to a retaliation claim." *Id.* at 81. We have doubts that the arbitrator so found, but, in any event, this argument fails because the arbitration of related contract-based claims under a collective bargaining agreement does not bar subsequent de novo review of statutory claims in federal court. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 50–54 (1974). And defendants do not argue that the collective bargaining agreement here either allowed or required the arbitration of Miller's Title VII retaliation claim. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 260–64 (2009). We do not preclude the district court from revisiting the issue of whether Miller's Notice of Termination retaliation claim fails as a matter of law on other bases.

5

discretion. We decline to disturb the district court's ruling in this regard. *See Lore v. City of Syracuse*, 670 F.3d 127, 177–79 (2d Cir. 2012) (finding that it is well established that district courts enjoy discretion to "overturn[ ] verdicts for excessiveness and order[ ] a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)" (internal quotation marks omitted)).

We also reject Miller's assertions that the district court improperly dismissed his First Amendment and 42 U.S.C. § 1981 claims. A public employee who brings a First Amendment claim of employment retaliation must show, first of all, that he engaged in protected speech. *See Singh v. City of New York*, 524 F.3d 361, 372 (2d Cir. 2008). Miller's speech was made primarily to redress his personal grievances and was not made "as a citizen on a matter of public concern." *See Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). Because Miller has not shown he engaged in speech protected under the First Amendment, the district court did not err in dismissing this claim. Nor was Miller entitled to have the jury instructed on his § 1981 claim because he did not make a sufficient showing of personal involvement of the individual defendants or "a municipal policy or custom" of the City. *See Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 226, 229 (2d Cir. 2004).

We find nothing in the record sufficient to conclude the district court improperly imposed heightened pleading standards with regard to Miller's gender- and race-discrimination claims. Miller's amended complaint makes numerous allegations that he was subjected to disparate treatment, discrimination, a hostile

6

work environment, and retaliation for his being a "White male officer[]" and that "minority officers" were given preferential treatment in the department. *See, e.g.*, App. 170. More specifically, Miller makes the following allegations. Then-Chief Singer offered training opportunities and promotions to minorities over him despite his superior qualifications. The IPD investigated an off-duty motor vehicle accident in which he was involved. A fellow IPD officer expressed anger with him and called him names. He was subjected to more severe administrative sanctions than other officers at the direction of then-Chief Vallely and Deputy Chiefs Barber and Tyler. He was subjected to a hostile work environment by individual defendants Chief Vallely, the Deputy Chiefs, and the County of Tompkins because they favored minorities. He was publicly humiliated by those defendants when they made part of his disciplinary history public.

To begin, in its September 22, 2010 order, the district court permitted Miller's failure-to-train and failure-to-promote claims to proceed. The court, therefore, did not impose a heightened pleading standard as to those claims. With respect to his gender discrimination claims, Miller's complaint simply fails to allege facts indicating he was subjected to gender-based discrimination. Beyond stating that he was a "White male officer," he has not pled any fact that would raise an inference of gender discrimination or disparate treatment on the basis of his gender. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, the district court

7

properly dismissed Miller's claims against Tompkins County and the County District Attorney. Miller cannot pursue Title VII claims against these defendants because Miller was not employed by Tompkins County.

Miller's race-based claims purport to center on the incidents involving the motor vehicle accident and the outburst of a fellow officer. The district court properly found, however, that Miller failed to allege he was subjected to any adverse employment actions based on these incidents. As to the administrative actions of which Miller complained, we agree with the district court that Miller failed to allege any specific and nonconclusory facts supporting a reasonable inference that the actions taken against him had anything to do with his race. There is no evidence in the record that the district court imposed heightened pleading standards with respect to Miller's posits as race- or gender-based discrimination claims. Rather, Miller has failed to plausibly allege causes of action under the *Iqbal* and *Twombly* pleading standard with respect to such claims. *See Iqbal*, 556 U.S. at 678 (affirming that "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements").

Miller asserts the district court erred by denying his discovery requests seeking 19 other officers' employment and education records and by admitting evidence pertaining to the arbitrator's February 2013 decision. We review for abuse of discretion a district court's discovery rulings, *see Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004), and its evidentiary rulings, *see United States v. Cuti*, 720

8

F.3d 453, 457 (2d Cir. 2013), and we note that even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, or misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403; *see also Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). On the record before us, Miller cannot demonstrate that the district court abused its discretion or that its evidentiary rulings prejudiced him. *See Cuti*, 720 F.3d at 457. In particular, Miller has not shown the district court erred, much less abused its discretion, in excluding medical evidence in his third trial on the basis that it was not limited to Miller's emotional distress arising solely from the beat assignments. *See id.*

Miller's argument that the district court erred by not granting him equitable relief and by not allowing him to amend his pleadings is also unpersuasive. A damages claim for intentional infliction of emotional distress will be recognized only in cases involving conduct "so extreme in degree[] as to go beyond all possible bounds of decency." *See Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 702 (N.Y. 1993). Miller has identified no authority supporting a claim for loss of consortium under federal civil rights statutes, *see Wright v. City of Ithaca, N.Y.*, No. 12-cv-378, 2012 WL 1717259, at *5 (N.D.N.Y. May 15, 2012), *aff'd* 633 F. App'x 63 (2d Cir. 2016) (summary order), and no conduct that was so extreme as to go beyond the bounds of decency. Accordingly, the district court did not abuse its discretion when it disallowed amendment of the complaint to include these claims. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–27 (2d Cir. 2010).

9

Finally, our review of an award of attorneys' fees is "highly deferential to the district court," and we will reverse such an award only for an abuse of discretion. *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 146 (2d Cir. 2001) (internal quotation marks omitted). "A district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)). None of the parties to this appeal has presented a sufficient reason to conclude that the district court abused its discretion by awarding Miller attorney's fees and costs as a prevailing party in the first instance, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), or by subsequently reducing the fee sought so as to craft a reasonable award, *see McDonald*, 450 F.3d at 96.

## Conclusion

Having concluded that the jury charge was erroneous with respect to the standard of causation leading to the Notice of Termination issued to Miller, and that this error prejudiced defendants, we vacate the award of damages as to this claim of retaliation and remand for a new trial on that claim. We have considered the remaining arguments on appeal and cross-appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court