Disbrow v Normandie Condominium (2022 NY Slip Op 00120)





Disbrow v Normandie Condominium


2022 NY Slip Op 00120


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 651602/20 Appeal No. 15026 Case No. 2021-01787 

[*1]Carolyn Disbrow, Plaintiff-Respondent,
v
The Normandie Condominium et al., Defendants-Respondents, Hadas Jacobi, Defendant-Appellant.


Louis Fogel & Associates, New York (Louis Fogel of counsel), for appellant.
Herrick Feinstein LLP, New York (Janice I. Goldberg of counsel), for Carolyn Disbrow, respondent.
Fixler & LaGattuta, LLP, New York (Vincent F. Terrasi of counsel), for The Normandie Condominium, The Board of Managers of the Normandie Condominium and Metro Management & Development, Inc., respondents.
Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for Brian Strong and Keri Strong, respondents.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered November 6, 2020, which, to the extent appealed from as limited by the briefs, denied defendant Hadas Jacobi's motions to dismiss the complaint and cross claims against her, unanimously affirmed, without costs.
Plaintiff seeks damages for property damage caused to her apartment, Unit 2B, located in the Normandie Condominium, when a malfunctioning refrigerator in Unit 6B leaked water into her unit. On the date of the leak, Unit 6B was owned by defendants Brian Strong and Keri Strong, and defendant Jacobi had an option to occupy the apartment pursuant to a possession agreement.
Construed liberally, the complaint states a cause of action for negligence as against Jacobi by alleging that she negligently retained defendant repair companies and failed to supervise their work, (see Himmelstein, McConnell, Donoghue & Joseph, LLC v Matthew Bender & Co. Inc., 37 NY3d 169 [2021]; Kleeman v Rheingold, 81 NY2d 270, 273-274 [1993]; Barklee 94 LLC v Oliver, 124 AD3d 459, 461 [1st Dept 2015]).
In view of the foregoing, the motion court correctly declined to dismiss the cross claim for common-law indemnification and contribution brought against Jacobi by defendants Normandie Condominium, Board of Managers of the Normandie Condominium and Metro Management and Development, Inc. (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374-375 [2011]; see also Schauer v Joyce, 54 NY2d 1, 5 [1981]).
The Strongs' cross claim against Jacobi states a cause of action for contractual indemnification under the possession agreement, pursuant to which Jacobi agreed to indemnify the Strongs for claims arising during her occupancy and caused by her agents, and Jacobi submitted no documents which conclusively establish as a matter of law that the indemnification provision does not apply (Himmelstein, McConnell, Donoghue & Joseph, 37 NY2d at 175). Jacobi's affidavit does not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Johnson v Asberry, 190 AD3d 491 [1st Dept 2021]). In any event, her statement that she quit possession of Unit 6B a week
before the leak occurred presents a factual issue not amenable to resolution on a CPLR 3211(a)(7) motion to dismiss (see Tsimerman v Janoff, 40 AD3d 242 [1st Dept 2007]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022