Manglani v City of New York (2022 NY Slip Op 05924)

Manglani v City of New York

2022 NY Slip Op 05924

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 158961/19 Appeal No. 16504 Case No. 2022-00767 

[*1]Ravi Manglani etc., Plaintiff-Respondent,
v
The City of New York, Defendant-Respondent, EL-Kam Realty Co., Defendant-Appellant, EL-Kam 1501-1509 LLC, Defendant.

Hickey Smith Dodd LLP, New York (Jody C. Benard of counsel), for appellant.
Dansker & Aspromonte Associates, New York (Raymond Maceira of counsel), for Ravi Manglani, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for The City of New York, respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about January 5, 2022, which denied defendant El-Kam Realty Co.'s motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint as against it, unanimously affirmed, without costs.
Plaintiff stated cognizable causes of action sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7). Although an abutting property owner is not responsible for a defective tree well in the sidewalk (see Vucetovic v Epsom Down, Inc., 10 NY3d 517, 518-519 [2008]), it may still be liable if it caused or created a hazardous condition (see Fernandez v 707, Inc., 85 AD3d 539, 540 [1st Dept 2011]). Here, plaintiff alleged that defendant created the tripping hazard in the tree bed adjacent to its property. The affidavit of defendant's managing agent did not establish a defense as a matter of law because it was not conclusive "documentary evidence" within the meaning of CPLR 3211 (a) (1) (see Disbrow v Normandie Condominium, 201 AD3d 462 [1st Dept 2022]; Flowers v 73rd Townhouse LLC, 99 AD3d 431, 431 [1st Dept 2012]). We note that defendant failed to annex most of the documents referred to in the managing agent's affidavit. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022