Schutzman v 19 E. 72nd St. Corp. (2026 NY Slip Op 01475)

Schutzman v 19 E. 72nd St. Corp.

2026 NY Slip Op 01475

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 155251/18|Appeal No. 6111|Case No. 2024-07063|

[*1]Beverly Schutzman, Plaintiff-Respondent,
v19 East 72nd Street Corporation et al., Defendants-Appellants-Respondents, The City of New York et al., Defendants-Respondents-Appellants.

Mauro Lilling Naparty LLP, Woodbury (Glenn A. Kaminska of counsel), for appellants-respondents.
Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for respondents-appellants.
Sussman & Frankel, LLP, New York (Mitchell D. Frankel of counsel), for respondent.

Order, Supreme Court, New York County (Jeanine R. Johnson, J.), entered October 18, 2024, which denied the motions of defendants 19 East 72nd Street Corporation and Brown Harris Stevens Residential Management LLC (collectively, 19 East 72nd Street) and the City of New York, the Department of Transportation, and the Department of Parks and Recreation (collectively, the City defendants) for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to the extent of granting the City defendants' motion for summary judgment dismissing the complaint as against them, and otherwise affirmed, without costs.
Supreme Court properly denied 19 East 72nd Street's motion for summary judgment because 19 East 72nd Street failed to establish that it did not install the allegedly defective tree well involved in plaintiff's trip and fall accident (see Manglani v City of New York, 209 AD3d 563, 563 [1st Dept 2022]). 19 East 72nd Street's witnesses testified that they did not know who installed the tree well (cf. Cabral v Triangle, LLC, 234 AD3d 518, 519 [1st Dept 2025]), and their argument that the allegedly defective tree well was open and obvious and not inherently dangerous is not determinative because that defense relieves a property owner only of its duty to warn (see Navarro v University Ave., L.P., 221 AD3d 412, 413 [1st Dept 2023]).
However, the court should have granted the City defendants' motion for summary judgment. The City defendants established prima facie that they lacked prior written notice of the alleged defect through affidavits stating that the City's records did not contain prior written notice of the particular defect with the tree well, and in opposition plaintiff failed to raise a triable issue of fact as to whether they had prior written notice or created the defect through an affirmative act of negligence (see Pena v City of New York, 243 AD3d 484, 484-485 [1st Dept 2025]; Civic v City of New York, 215 AD3d 445, 445-446 [1st Dept 2023]). Even assuming, without deciding, that the City defendants installed the tree well, plaintiff's expert safety consultant failed to provide a nonspeculative basis to establish that the work immediately created the defect (see Pena, 234 AD3d at 485; Civic, 215 AD3d at 446).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026