25-1205-cv
Diddy v. Stryker Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty-six.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges.*

------------------------------------------------------------------

ANDRE N. DIDDY,

*Plaintiff-Appellant,*

v.                                                                 No. 25-1205-cv

STRYKER CORPORATION,
HOWMEDICA OSTEONICS CORP.,

*Defendants-Appellees.*[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT: James B. Tuttle, The Tuttle Law Firm, Clifton Park, NY

FOR DEFENDANTS-APPELLEES: Paul E. Asfendis, Kim M. Catullo, Gibbons P.C., New York, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Andre Diddy appeals from the April 10, 2025 judgment of the United States District Court for the Western District of New York (Geraci, *J.*) granting the motion of Defendants-Appellees Stryker Corporation and Howmedica Osteonics Corp. (collectively, "Stryker") for summary judgment. Diddy seeks to recover damages for personal injuries resulting from a femoral hip stem implant manufactured by Stryker. The sole issue on appeal is whether the District Court correctly determined on summary judgment that Diddy's strict products liability claim was time-barred by New York's three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(5). "We review an award of summary judgment, including on the basis of an affirmative defense such as the statute of limitations, *de novo*." *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78

2

(2d Cir. 2019) (quotation marks omitted).  We assume the parties' familiarity

with the underlying facts and the record of prior proceedings, to which we refer

only as necessary to explain our decision to affirm.

Diddy argues that the three-year statute of limitations applicable to his

strict products liability claim runs from the date he discovered that the femoral

hip stem implant was defective and could "truthfully allege" "all elements of the

tort . . . in [his] complaint."  Appellant's Br. 5.  He asks us to certify to the New

York Court of Appeals the question of when the statute of limitations begins to

run in such cases.  We decline to do so because it is clear that under New York

law, the three-year statute of limitations for products liability claims arising from

defective implanted medical devices runs from the onset of injury.  *See Martin v.

Edwards Lab'ys, Div. of Am. Hosp. Supply Corp.*, 60 N.Y.2d 417, 428 (1983);

*Fitzpatrick v. A.H. Robins Co.*, 470 N.Y.S.2d 414, 415 (2d Dep't 1984).  The New

York Court of Appeals has refused to run the limitations period from discovery

of the *cause* of injury in cases involving implanted medical devices.  *See, e.g.*,

*LaBarbera v. N.Y. Eye & Ear Infirmary*, 91 N.Y.2d 207, 210–11, 213 (1998); *Rockefeller

v. Moront*, 81 N.Y.2d 560, 566 (1993).  "[T]he implantation," the Court of Appeals

has explained, "is with the recipient's knowledge . . . which he or she can pass on

3

to a physician seeking to diagnose the cause of later developing bodily problems." *Martin*, 60 N.Y.2d at 427. Because there is no genuine dispute that the onset of Diddy's injury and "[t]he symptoms of pain . . . began in or around September 2020," App'x 98, more than three years before he instituted this action, the District Court properly granted summary judgment in Stryker's favor.

We have considered Diddy's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

4